IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM and THE CURSE, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, CANDICE ROSE, and DOE DEFENDANTS 1-20, <br><br> Defendants. | Case No. 1:24-cv-01108 <br><br> Hon. Judge Jeffrey I Cummings <br><br> Hon. Mag. Judge M. David Weisman |

## JOINT STATUS REPORT

Plaintiffs, LAKEFRONT PICTURES, LLC, JENNIFER KARUM and THE CURSE, LLC (collectively, the "Plaintiffs"), and Defendants JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, CANDICE ROSE (collectively, the "Defendants"), by their respective attorneys, submit this Joint Status Report as directed by the Court in its April 22, 2025 Minute Order [Dkt. 34].

## STATUS OF LITIGATION

1. Plaintiffs commenced this action on February 8, 2024. On April 11, 2024, Defendants filed a Motion to Dismiss or Stay this action (the "Motion"), seeking, in part, a stay of these proceedings under the *Colorado River* abstention doctrine in favor of an action that Jordan Ancel (a Defendant in *this* case) filed in the Circuit Court of Cook County, Illinois against Karum (the "State Court Action"). The Motion was briefed and remains pending.

2. In the interim, the State Court Action was dismissed (on March 4, 2025). In their prior Joint Status Report (Dkt. 31) the parties concurred that the dismissal of the State Court Action mooted the request for a stay, and that the Court need not decide whether *Colorado River*

abstention is warranted. The only thing that remains for the Court to decide with respect to the pending Motion is whether to grant dismissal per Federal Rule 12(b)(1)) and/or 12(b)(6).

3. There has been no Rule 26 Scheduling Conference, and no party discovery. This Court has, however, permitted Plaintiffs the opportunity to conduct limited thirty-party discovery for the purposes of identifying Doe Defendants in this case [Dkt. 34].

## PLAINTIFFS' REPORT AS TO THE STATUS OF THE LIMITED THIRD-PARTY DISCOVERY AUTHORIZED BY THE COURT

4. Plaintiffs timely prepared and issued document subpoenas upon the following persons/entities:

| Name | Location | Status of Service |
| --- | --- | --- |
| Amanda Gecewicz | Deer Park, IL | Served (Waived) |
| Dyna Mitte | Rancho Viejo, TX | Pending |
| Emma Jo Boyden | Chicago, IL | Pending |
| Jeff Yearwood | Bethlehem, PA | Served |
| Jeff Zaranelli | St. Louis, MO | Incomplete/Incorrect Address |
| Karel Ramirez | Cicero, IL | Pending |
| Kathryn Mraz | Chicago, IL | Pending |
| Kelli Tidmore | Louisville, TN | Served |
| Kimberly Vaughn | Chicago, IL | Served |
| Michael Dean | Atlanta, GA | Served (Waived) |
| Nicole Frier | Gurnee, IL | Served |
| Rosaleah Gonzalez | Hammond, IN | Pending |
| Sarah Cayce | Chicago, IL | Served (Waived) |
| Sarah Quinn | Chicago, IL | Pending |
| Thomas Seffernick | Chicago, IL | Pending |
| Google, LLC | Mountainview, CA | Served |

Advance Notices, with copies of each document subpoena, were served upon counsel for the Defendants.

5. Additional document subpoenas directed to Beverly Moore, Kristian Schmutz, Aaron Hawkins and Annalisa Vitucci were prepared, but not yet issued for lack of the ability to identify proper addresses within the time period allotted by this Court.

2

6. Of the subpoena respondents that have been served, seven (7) have responded (Sarah Cayce, Jeff Yearwood, Michael Dean, Amanda Gecewicz, Kelli Tidmore, Nicole Frier and Google, LLC), although only Cayce, Yearwood and Dean produced any documents. Google is in the process of responding and producing its responsive documents.

7. Plaintiffs' counsel has already begun the process of conferring with subpoena respondents (or their counsel) regarding the adequacy of their respective productions and following up with those served subpoena respondents who have been served but have yet to respond.

8. In addition, Plaintiffs have identified new/corrected address for most of the subpoena respondents who have not yet been served and have placed the subpoenas with a process server.

9. Going forward, Plaintiffs request permission to serve subpoenas upon Beverly Moore, Kristian Schmutz, Aaron Hawkins and Annalisa Vitucci, as well as a new date (preferably sixty (60) days) by which to submit a Joint Statement updating the status of the third-party discovery. Plaintiffs respectfully request that the Court issue an order consistent with the referenced schedule.

10. Finally, of particular note is that two of the three subpoena respondents who have produced documents (Ms. Cayce and Mr. Yearwood) claim to have switched phones and/or carriers, which they contend limits their respective ability to make a fulsome production of otherwise responsive documents, and others (Ms. Gecewicz and Ms. Tidmore) appear to have purged responsive documents *since* the dispute arose. Plaintiffs may seek stored communications from the former carriers and/or reserve the right to seek to compel forensic inspections of devices to recover deleted evidence.

11. While certainly mindful of the demands and constraints of this Honorable Court's docket, the referenced actual and/or potential loss of evidence during the almost eighteen (18) month period since the Complaint was filed and during which no discovery has been permitted (except for the referenced limited third-party document subpoenas) highlights the critical need to move the case forward, and either dispose of what remains of the pending Motion, or permit full discovery while the Motion remains pending.

**DEFENDANTS' POSITION**

12. This is a personal dispute between individuals who worked on a movie production together three years ago and proceeded through written discovery in State Court.

13. Defendants appreciate the Court's docket is full of pressing matters with material implications beyond the parties to the cases and that the Court must carefully allocate its time and resources. Defendants sincerely hope that when time allows the Court can dispose of the case via the pending Motion to Dismiss.

| RESPECTFULLY SUBMITTED, | RESPECTFULLY SUBMITTED, |
|---|---|
| **LAKEFRONT PICTURES, LLC, JENNIFER KARUM and THE CURSE, LLC,** | **JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC and CANDICE ROSE** |
| By: /s/ George J. Spathis | By: /s/ Alexander N. Loftus |
| George J. Spathis (6204509)<br>LEVENFELD PEARLSTEIN, LLC<br>120 South Riverside Plaza, Suite 1800<br>Chicago, Illinois 60606<br>gspathis@lplegal.com | Alexander N. Loftus (6303484)<br>Loftus & Eisenberg, Ltd.<br>161 N. Clark Street, Suite 1600<br>Chicago, Illinois 60601<br>alex@loftusandeisenberg.com |

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2025, I caused to be electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.