**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LAKEFRONT PICTURES, LLC, JENNIFER KARUM and THE CURSE, LLC,** ) ) ) ) | |
| Plaintiffs, ) ) | No. 24 C 1108 |
| v. ) ) | Magistrate Judge M. David Weisman |
| **JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS, LLC, CANDICE ROSE, and DOE DEFENDANTS 1-20,** ) ) ) ) ) ) | |
| **Defendants.** ) | |

## ORDER

Plaintiffs allege that defendants Ancel and Rose together with an unknown number of others conducted a campaign to smear and harass plaintiff Karum. Ancel allegedly began and coordinated the defamatory campaign against Karum when they worked together on *The Unseen*, a film developed by Karum and entities related to her. Plaintiffs hired Ancel as the third producer for the film. However, plaintiffs say Ancel neglected his producer responsibilities, pursued inappropriate relationships with crew members, used cannabis on set and gave it to interns, refused to accept responsibility for problems, and became unreasonably angry when he did not get his way. When Karum called him out on his behavior, Ancel spread rumors about her to the cast, crew, and other members of the filmmaking community.

Plaintiffs have subpoenaed respondent Emma Joy Boyden to produce documents they contend are relevant to this case. Boyden asks the Court to quash the subpoena, arguing that it is unduly burdensome. *See* Fed. R. Civ. Pro. 45(d) (instructing the Court to quash or modify a subpoena that "subjects a person to undue burden"). Boyden says she was not involved in *The Unseen,* her only contact with Ancel occurred during youth workshops in 2024, she never discussed this lawsuit with him, and she has no personal knowledge of this dispute. (ECF 64 at 3.) She further states that complying with the subpoena would require her "to undertake an exhaustive search and review of nearly four years of personal communications across multiple platforms[,] . . . . to search through emails, text messages, and all sorts of records in order to identify any communications that even tenuously relate to the parties or the subject of the litigation." (*Id.* at 6.) But Boyden has not submitted an affidavit or other factual support for either her purported lack of knowledge or her assertions of burden. "[I]t is up to the respondent to establish undue burden with a particularized showing," *Reed v. Illinois*, 318 F.R.D. 77, 79 (N.D. Ill. 2016) (citing *CSC*

*Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002)), which Boyden has not done. Accordingly, the Court denies the motion to quash [64].

That said, despite plaintiffs' suggestion that the subpoena's drafting was purposefully designed "to limit the burden and inconvenience upon Boyden," the subpoena requests 33 separate topics. (*See* ECF 64 at 13 – 15.) Further, the scope of some of the requests are exceedingly broad – e.g. multiple requests seeking "all of your communications . . ." as to various individuals and topics. *See id.* Finally, as plaintiffs suggest, there was no meaningful effort to discuss the actual scope of the subpoena's requests and ways to limit the subpoena's burden. (*See* ECF 66 at 4 ("it bears revisiting the fact that despite engaging counsel to represent her, Ms. Boyden made no effort whatsoever to work cooperatively to ameliorate her claims of an undue burden"). Thus, while Boyden's motion to quash is denied, the plaintiffs and Boyden are ordered to meet and confer and attempt to address the burden placed on Boyden through professional discussions and compromise. Plaintiffs and Boyden are ordered to submit a Joint Status Report by February 27, 2026 outlining their efforts to resolve any remaining issues, and when Boyden will be able to meaningfully respond to the subpoena.

**SO ORDERED.**                  **ENTERED: January 26, 2026**

**M. David Weisman**
**United States Magistrate Judge**