IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM and THE CURSE, LLC, <br><br>    Plaintiffs, <br><br>v. <br><br>JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS, LLC, CANDICE ROSE, and DOE DEFENDANTS 1-20, <br><br>    Defendants. | No. 24 C 1108 <br><br> Magistrate Judge M. David Weisman |

## ORDER

    The case is before the Court on plaintiffs' motion for a protective order. For the reasons set forth herein, the Court grants the motion [ECF 70.]

### Discussion

    Federal Rule of Civil Procedure 26(c) states that, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendants Jordan Ancel, Jordan Ancel International and Rock City Road Films, and Candice Rose, respectively, served interrogatories on plaintiffs. Plaintiffs contend that they should not be burdened with answering three sets of interrogatories given that defendants acted in unison. Courts have held that if "separate parties are represented by the same counsel and are acting in unison, they may be treated as one 'party' for purposes of the limit on interrogatories." *Am. Council of Blind of Metro. Chi. v. City of Chi.*, No. 19 C 6322, 2021 WL 5140475, at *1 (N.D. Ill. Nov. 4, 2021) (collecting cases). Plaintiffs argue that is the case here because "Ancel is the sole (or at least majority) member of his companies, Ancel International and Rock City and the Counterclaims that they have collectively asserted tacitly admit that the alleged damage to Ancel's reputation . . . has purportedly injured them collectively." (ECF 70 ¶ 12.)

    Defendants Jordan Ancel International and Rock City have jointly served one set of interrogatories, an implicit admission that they should be treated as one party. The question is whether Ancel and Candice Rose should be treated as one party along with the entity defendants. Defendants say they should not, as illustrated by their interrogatories:

    Ancel's interrogatories focus on defamatory statements about his character: misappropriation of funds, unauthorized hotel access, and false sexual assault

accusations. The Ancel entities' interrogatories focus on the Producer Agreement, performance obligations, rescission claims, NDA violations, lost business opportunities with specific production companies, and financial accounting. Rose's interrogatories focus exclusively on the Instagram post: "Anyone working with Candice Rose is condoning harassment tactics and blacklisting."

(ECF 72 at 5.)

Despite the split foci of the interrogatories, the Court agrees with plaintiffs that defendants should be treated as one party for purposes of Rule 33. All of the defendants are represented by the same counsel, Ancel is the majority or sole member of Jordan Ancel International and Rock City, and he asserts counterclaims jointly with them. Rose asserts stand-alone counterclaims, but in them she alleges that her association with Ancel was the sole reason she was harmed. (*See generally* ECF 43.)

Even so, defendants argue that they should not be limited to twenty-five interrogatories because this case is complex. (*See* ECF 72 at 5-6) (noting that the complaint contains ten counts and the counterclaim has eleven and arguing that "[t]hese competing narratives require extensive factual development"). The Court disagrees. Though the number of claims is high, the complexity is not. Rather, the claims in the complaint and counterclaim allege straightforward violations of common law and statutes. In short, this is a business deal between theatrical performers and associated business partners that went bad. The business deal itself is relatively straightforward, and the tangential claims, stripped of their dramatic allegations, are equally straightforward. Thus, complexity is not a reason to allow defendants who acted in unison to serve separate sets of interrogatories.

In short, the Court in its discretion finds that defendants acted in unison and should be treated as one party for the purposes of Rule 33. Accordingly, the Court orders defendants to identify for plaintiffs the set of interrogatories that defendants want them to answer or to serve on plaintiffs one consolidated set of interrogatories within two weeks of the date of this order.[1]

**SO ORDERED.**                     **ENTERED: February 2, 2026**

**M. David Weisman**
**United States Magistrate Judge**

---

[1] Given this ruling, the Court need not address plaintiffs' argument that defendants' interrogatories exceed the presumptive limit of twenty-five.