IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM and THE CURSE, LLC, | ) ) ) | |
| | ) | No. 24 C 1108 |
| Plaintiffs, | ) ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) ) | |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS, LLC, CANDICE ROSE, and DOE DEFENDANTS 1-20, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The case is before the Court on plaintiffs' motions to hold third parties Independent Film Alliance ("IFA") and Katharin Mraz in contempt for their failure to respond to plaintiffs' subpoenas or, in the alternative, to compel their compliance and payment of attorney's fees. For the reasons set forth below, the Court grants in part and denies in part plaintiffs' motion with respect to IFA [ECF 89] and denies their motion with respect to Mraz [ECF 90].

### Discussion

Federal Rule of Civil Procedure 45 governs subpoenas. It states in relevant part that a subpoena respondent "may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, . . . or to producing electronically stored information in the form or forms requested." Fed. R. Civ. P. 45(d)(2)(B). It further states that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "It is not necessary to a finding of contempt that a violation was 'willful.' It is enough that a party 'has not been reasonably diligent and energetic in attempting to accomplish what was ordered.'" *Sommerfield v. City of Chi.*, 252 F.R.D. 407, 415 (N.D. Ill. 2008) (quoting *Goluba v. Sch. Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995)). "Civil contempt relief is . . . . 'designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 508 (7th Cir. 2016) (quoting *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)).

IFA contends that contempt relief is not appropriate here. Though it admittedly failed to respond timely to the subpoena, IFA says the failure was inadvertent, the result of its Executive Director's dereliction of duty and the cessation of its business operations in late 2025. (ECF 107

at 1-2.) Moreover, IFA says it has now produced all non-privileged documents responsive to the subpoena, and thus there is no need to compel compliance. Further, IFA argues that the Court should not order it to pay plaintiffs the fees they incurred in filing this motion either as a contempt sanction or pursuant to Rule 37 because: (1) plaintiffs did not comply with Local Rule 37.2 before filing this motion; (2) IFA's nondisclosure was substantially justified; and (3) under the circumstances a fee award would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A).

The Court agrees that IFA's production moots plaintiffs' request for an order compelling compliance, and a contempt fine is not appropriate here. ""''When the purpose of sanctions in a civil contempt proceeding is compensatory, a fine, payable to the complainant, must be based on evidence of actual loss.'''" *Autotech Techs. LP v. Integral Rsch. & Dev. Corp.*, 499 F.3d 737, 752 (7th Cir. 2007) (quoting *S. Suburban Housing Ctr. v. Berry*, 186 F.3d 851, 854 (7th Cir. 1999) (quoting *U.S. v. United Mine Workers*, 330 U.S. 258, 304 (1947)). Plaintiffs have not submitted proof of actual loss. Accordingly, their motion to find IFA in contempt is denied.

Alternatively, plaintiffs seek an award of fees pursuant to Rule 37, which states:

If [a] motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . . [unless]:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

IFA argues that plaintiffs did not make a good faith attempt to obtain its compliance with the subpoena before filing this motion. Plaintiffs say they tried, unsuccessfully, to communicate with IFA's Executive Director, Wesley Julian, who left IFA in February 2026, and its Director of Strategic Initiatives, Betsy Steinberg, who left IFA in 2024. (ECF 107 at 1.) IFA argues that plaintiffs "did not perform adequate outreach given the evidently-unknown employment statuses of the IFA employees" they tried to contact. (*Id.* at 6.) But plaintiffs were not obligated to ferret out that the person who, by IFA's admission, was still its Executive Director when plaintiffs served the subpoena, had essentially stopped working for IFA and had not tasked anyone else with responding to the subpoena. (*Id.* at 2.) Thus, the Court finds that plaintiffs' attempts to meet-and-confer were adequate.

IFA also contends that its untimely response to the subpoena was substantially justified and other circumstances make a fee award unjust. According to IFA:

2

[Its] initial lack of response or production to the subpoena was substantially justified given . . . business-related troubles and financial difficulties it has been facing, which have led IFA to close down its business. As explained throughout this Response, the IFA has undergone significant business-related and financial difficulties, including the recent resignation of its former Executive Director to whom communications regarding the Subpoena were directed. . . . Also as previously indicated, IFA ceased operations in October 2025; as such, it does not have adequate funds to pay its employees further contributing to the lack of necessary attention given to the Subpoena and producing documents in response thereto. It is the IFA's position that its initial lack of production is substantially justified given these business- and financial-related troubles. As such, it is further IFA's position that an award of expenses in this instance would be unjust given its current circumstances and the fact that IFA has since acted cooperatively and diligently in furnishing materials in its possession to Plaintiffs' counsel.

(ECF 107 at 7.)

The Seventh Circuit has said that "substantially justified" as used in Rule 37(a)(5) has the same meaning as in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and for purposes of that Act, "'[a] position is 'substantially justified' if it 'has a reasonable basis in law and fact,'" *Pable v. Chi. Transit Auth.*, 145 F.4th 712, 723–24 (7th Cir. 2025) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403 (1990) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). IFA's Executive Director knew about the subpoena and failed to respond to it or assign someone else to do so. His negligence is not a reasonable basis in law or fact for IFA's failure to respond to the subpoena.

Similarly, the turmoil in IFA's business is not a circumstance that makes an award of fees unjust. "The 'unjust circumstances' standard focuses on the conduct of the moving party." *BCBSM, Inc. v. Walgreen Co.*, No. 20 C 1853, 2025 WL 2765327, at *6 (N.D. Ill. Sept. 29, 2025) (citing *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 328 n.1. (N.D. Ill. 2009)). Here, IFA failed to respond timely to the subpoena despite plaintiffs' repeated requests that it do so. "There is nothing unjust in requiring a party that has repeatedly failed to produce relevant and responsive documents to pay the attorneys' fees of the party that was required to litigate the issue." *Id.* Because IFA has not posited a reason that would substantially justify its untimely response to the subpoena or other circumstances that would make a fee award unjust, the Court grants plaintiffs' motion for fees pursuant to Rule 37(a)(5)(A). Plaintiffs have ten days from the date of this order to give IFA a statement of the fees they reasonably incurred litigating the fee issue. Thereafter, the parties will meet and confer about the amount of fees. If they cannot reach an agreement, plaintiffs can file a motion with the Court, including supporting documentation for the fee request, as well as a summary of the parties' efforts to resolve this issue without court involvement.

Plaintiffs also ask the Court to hold Katharin Mraz in contempt and order her to comply with the subpoena plaintiffs served on her. To sustain their contempt claim, plaintiffs must prove, among other things, that the subpoena was properly served. *Fox v. Manhattan Mech. Servs.*, No.

19 CV 238, 2021 WL 3603623, at *2 (N.D. Ill. Aug. 13, 2021) Plaintiffs say they served Mraz via email on October 30, 2005. (ECF 90 ¶¶ 7-8.) Mraz says she did not receive the email because plaintiffs sent it to an email address she rarely uses. (ECF 106 at 3.) Plaintiffs' counsel sent a follow-up letter to Mraz at the same email address on December 12, 2025, and she says she did not receive that either. Further, she argues that plaintiffs should have known from her website and social media that they were using an old email address. (*Id.*) On March 2, 2026, Mraz's husband gave her a FedEx package he found outside their door the previous day. It contained plaintiffs' motion to compel with the subpoena attached. (*Id.* at 3.) On March 6, 2026, Mraz's lawyer told plaintiffs' counsel that Mraz had not received the emailed subpoena but would try to comply with the subpoena his client now had. (*Id.*) "On March 16, 2026, Ms. Mraz served objections and responses on Plaintiffs' counsel, offered to schedule a meet and confer, and requested agreement on a modification to the agreed Confidentiality Order," but she received no response. (*Id.* at 4.)

Mraz argues that she cannot be held in contempt for not responding to the subpoena because it was not properly served on her. The Court gave plaintiffs permission to serve Mraz by email. (ECF 52.) Plaintiffs said they would use "email addresses at which Plaintiffs and/or the undersigned have successfully communicated with [Mraz]" for service. (ECF 50 ¶ 11.) Mraz submitted an affidavit stating that she did not receive the emailed subpoena because she "no longer use[]" the email address plaintiffs used to serve her, that email account is "largely inactive," and "is currently at or near its maximum storage capacity." (ECF 106, Ex. A ¶¶ 3-5.) But she does not dispute that plaintiffs previously contacted her at that email address (*see* ECF 90, Ex. C) and thus would have no reason to search for other email addresses for her.

In any event, when Mraz received the subpoena that was left at her door in March, she told plaintiffs she had not previously received it by email, thereby rendering the email service ineffective. *See* Fed. R. Civ. P. 5(b)(2)(E) (stating that email service "is complete upon filing or sending . . . but is not effective if the filer or sender learns that it did not reach the person to be served"). Mraz argues that the way she received the subpoena, by finding it outside her door, is also not proper service, and the Court agrees. *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person"). In short, Mraz cannot be held in contempt for failing to respond to the subpoena because there is no evidence that she was properly served with it.

Alternatively, plaintiffs seek an award of fees pursuant to Rule 37(a)(5)(A). *See id.* (stating that if the Court grants a motion to compel, it must order the offending party to pay the expenses the movant reasonably incurred in making the motion, including attorney's fees unless the movant filed the motion before trying to obtain the discovery without court action; the nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust). The service issue here precludes the Court from granting plaintiffs' motion to compel. Thus, there is no basis for awarding fees.

**SO ORDERED.**                                    **ENTERED: April 3, 2026**

**M. David Weisman**
**United States Magistrate Judge**

5