**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC, | ) ) ) ) Case No. 1:24-cv-01108 |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, CANDICE ROSE, And DOES 1-20, | ) Honorable Jeffrey I. Cummings ) ) Magistrate Judge Hon. M. David Weisman ) ) |
| Defendants. | ) ) |

**DEFENDANT CANDICE ROSE'S MOTION TO DISMISS PLAINTIFFS' AMENDED**

**COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Candice Rose ("Rose"), by and through her attorneys, Rifkind Patrick LLC, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss all claims asserted against her in Plaintiffs' Amended Complaint (Dkt. No. 130) for failure to state a claim upon which relief may be granted.

The Amended Complaint asserts the following claims against Rose:

- Count II – Defamation;

- Count III – False Light Invasion of Privacy;

- Count VII – Tortious Interference with Prospective Economic Advantage (Lakefront);

- Count VIII – Tortious Interference with Prospective Economic Advantage (Karum);

1

- Count IX – Intentional Infliction of Emotional Distress;

- Counts X and XI – Civil Conspiracy; and

- Count XII (identified in the prayer for relief as Count XIII) – Breach of Contract.

Dismissal is warranted because the Amended Complaint fails to plead sufficient factual matter to state a plausible claim for relief against Rose as required by Federal Rule of Civil Procedure 8(a) and the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Specifically:

1. The Amended Complaint repeatedly relies upon impermissible group pleading and conclusory allegations attributing conduct collectively to "Ancel and Rose" without pleading sufficient facts establishing Rose's individual liability.

2. The defamation and false light claims fail because the alleged statements are either non-actionable expressions of opinion, rhetorical hyperbole, or are otherwise insufficiently pleaded to establish actionable publication, falsity, or other required elements.

3. The tortious interference claims fail because Plaintiffs do not plausibly allege the existence of protectable business expectancies, intentional and unjustified interference by Rose, or facts establishing proximate causation.

4. The intentional infliction of emotional distress claim fails because the conduct alleged does not, as a matter of Illinois law, rise to the level of extreme and outrageous conduct required to sustain such a claim.

5. The civil conspiracy claims fail because Plaintiffs do not plead facts plausibly establishing the existence of an agreement or meeting of the minds between Rose and any alleged co-conspirator, nor do they adequately plead an underlying actionable tort.

6. The breach of contract claim fails because the Demo Reel Agreement does not impose the perpetual post-performance obligations alleged by Plaintiffs, the restrictive covenant allegation lacks adequate consideration, and the Amended Complaint fails to plausibly allege any contractual breach by Rose.

For these reasons, and for those more fully set forth in Defendant Candice Rose's Memorandum in Support of this Motion, Defendant respectfully requests that the Court dismiss all claims asserted against her with prejudice and grant such further relief as the Court deems just and proper.

*    *    *

Respectfully Submitted,

CANDICE ROSE

By:    */s/ Sean Patrick*
        Sean Patrick
        An Attorney for Plaintiff

RIFKIND PATRICK LLC
3025 N Lincoln Ave
Chicago, Illinois 60657
(312) 725-4229
ARDC#: 6313699
legal@rifkindpatrick.com
*Attorneys for the Plaintiff*

3