# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM and THE CURSE, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | **No. 24 C 1108** |
| v. | ) ) | **Magistrate Judge M. David Weisman** |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS, LLC, CANDICE ROSE, and DOE DEFENDANTS 1-20, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

The case is before the Court on the Ancel defendants' motion to strike the affirmative defenses asserted by counter-defendant The Curse. For the reasons set forth below, the Court grants the motion [126].

### Discussion

Rule 12(f) of the Federal Rules of Civil Procedure states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). If, however, "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.* An affirmative defense must satisfy a three-part test to survive a motion to strike: "'(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge.'" *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014) (quoting *Renalds v. S.R.G. Rest. Grp.*, 119 F.Supp.2d 800, 802–03 (N.D. Ill. 2000)).

Plaintiff's first affirmative defense incorporates the allegations of the complaint by reference and states that Ancel materially breached his obligations under the Producer Agreement, thereby negating plaintiff's obligation to give him Third Producer Credit. (ECF 125 at 24.) Defendants argue, among other things, that this defense must be dismissed because it does not allege any supporting facts. Plaintiffs contend that the incorporation by reference of all of the complaint's allegations coupled with their amended response to defendants' interrogatory 1 supplies the necessary support.

The Court agrees with defendants. Plaintiff does not allege in the first affirmative defense which provisions of the Producer Agreement Ancel allegedly breached. The problem is not cured by incorporating the allegations of the complaint or referring to the amended interrogatory answer. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While [an affirmative defense] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Defendants also argue that allowing plaintiff to amend this affirmative defense would be futile because plaintiff admitted that it did not follow the contractual procedure for declaring Ancel in default. In relevant part, the Producer Agreement states:

> If Ancel fails or refuses to perform or comply with any terms or conditions hereof . . . , then prior to termination of this Agreement by Production Company based upon Default, Production Company shall notify Ancel in writing, specifying the nature of the Default, and Ancel shall have 24 hours after receipt of such notice to cure the Default. If the Default is not cured within the 24 hour period, Production Company may terminate this Agreement forthwith.

(ECF 1, Compl., Ex A ¶ 11(b)(ii).) In their amended counterclaims, defendants allege that: "Throughout the period in which Ancel rendered producing services, neither The Curse nor LFP provided Rock City Road or Ancel with any written notice of Default specifying non-performance or any 24-hour cure notice pursuant to Paragraph 11(b)(ii)." (ECF 125 ¶ 26.) Plaintiff purported to deny these allegations and averred that "it did not terminate the Agreement and never invoked the cure period." (*Id.*) Defendants argue that plaintiff's admitted failure to give Ancel notice of the alleged breaches and an opportunity to cure means that Ancel was not in default as the Purchase Agreement defines it.

Even if Ancel was not in default as defined by the Producer Agreement, plaintiff contends that his breaches were material and as such, plaintiff had "[the] general right of all contracting parties" to terminate the contract for material breach. (ECF 138 at 6); *see E.E.O.C. v. N. Knox Sch. Corp.*, 154 F.3d 744, 749 (7th Cir. 1998). "[T]he materiality inquiry focuses on two interrelated issues: (1) the intent of the parties with respect to the disputed provision; and (2) the equitable factors and circumstances surrounding the breach of the provision." *Elda Arnhold & Byzantio, L.L.C. v. Ocean Atl. Woodland Corp.*, 284 F.3d 693, 700 (7th Cir. 2002). Whether a breach is material "'is a complicated question of fact.'" *Arrow Master, Inc. v. Unique Forming Ltd.*, 12 F.3d 709, 715 (7th Cir. 1993) (quoting *Sahadi v. Continental Ill. Nat'l Bank & Trust*, 706 F.2d 193, 198 (7th Cir. 1983)). The first affirmative defense does not identify any breaches let alone breaches that are material. Accordingly, the Court strikes the first affirmative defense without prejudice because amendment would not necessarily be futile.

In the second affirmative defense, plaintiff alleges that Ancel waived any claim that plaintiff did not give him proper screen credit for his work in the film. That is so, plaintiff argues because Ancel was given a screening copy of the film with all on-screen credits as they appear in the final version and did not object or request any changes to the credits. Plaintiff contends that

2

Ancel's failure to object was tacit approval of the film credits and a waiver of any claim for denial of proper screen credit.

> Waiver is the voluntary relinquishment of a known right. *People v. Blair*, 215 Ill.2d 427, 294 Ill. Dec. 654, 831 N.E.2d 604, 615 n. 2 (2005); *Vaughn v. Speaker*, 126 Ill.2d 150, 127 Ill. Dec. 803, 533 N.E.2d 885, 890 (1988). It "arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right." *People v. Houston*, 229 Ill.2d 1, 321 Ill. Dec. 702, 890 N.E.2d 424, 429 n. 3 (2008). It may be manifested "expressly or by conduct inconsistent with an intent to enforce that right." *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill.App.3d 1046, 221 Ill. Dec. 303, 675 N.E.2d 210, 213 (Ill. App. Ct. 1st Dist. 1996). In other words, it may "arise from acts, words, or conduct of the one waiving the right." *Sexton v. Smith*, 112 Ill.2d 187, 97 Ill. Dec. 411, 492 N.E.2d 1284, 1287 (1986). If an express statement of waiver does not exist, the party who alleges implied waiver must point to "a clear, unequivocal, and decisive act" which demonstrates the requisite intentional relinquishment of the right by the other party. *Ciers*, 221 Ill. Dec. 303, 675 N.E.2d at 213 (citation omitted).

*Anderson v. Holy See*, 878 F. Supp. 2d 923, 933 (N.D. Ill. 2012), *aff'd sub nom. Anderson v. Cath. Bishop of Chi.*, 759 F.3d 645 (7th Cir. 2014). The conduct plaintiff alleges, *i.e.*, that Ancel received a final copy of the film with onscreen credits and did not object to them, does not constitute a clear and unequivocal act that manifests Ancel's relinquishment of a known right. Therefore, the second affirmative defense is stricken without prejudice.

The third affirmative defense states: "Ancel's approval of the credits operates as an amendment of the Producer Agreement." (ECF 125 ¶¶ 9-10.) Under Illinois law, "[a] modification of a contract is a change in one or more aspects of a contract that introduces new elements into the details of the contract or cancels some of them but leaves the general purpose and effect of the contract undisturbed." *Richard W. McCarthy Tr. Dated Sept. 2, 2004 v. Ill. Cas. Co.*, 946 N.E.2d 895, 902 (Ill. App. Ct. 2011) (citing *Schwinder v. Austin Bank of Chi.*, 809 N.E.2d 180, 189 (Ill. App. Act. 2004)). "[A] valid modification of a contract must satisfy all the criteria essential for a valid original contract, including offer, acceptance, and consideration." *Id.* The third affirmative defense does not allege any of these elements. It is stricken without prejudice.

The fourth affirmative defense is that "Ancel's lengthy delay in raising any objection to the credits has resulted in substantial prejudice to [plaintiff]" and thus his breach of contract claim based on improper on screen credits is barred by the doctrine of laches." (ECF 125 ¶¶ 12-13.) The defense of laches is generally not applied to claims for damages. *See Sundance Homes, Inc. v. Cnty. of DuPage*, 746 N.E.2d 254, 262–63 (Ill. 2001) ("[F]or better or worse, depending upon one's view of the importance and continuing relevance of the law-equity dichotomy, how we categorize various actions tends to control the limitation schemes applied to them: generally, statutes of limitation apply to actions at law; laches is the doctrine of limitation applied to actions in equity."); *Nature Conservancy v. Wilder Corp. of Del.*, 656 F.3d 646, 649 (7th Cir. 2011) ("[W]e . . . observed in *Maksym* [*v. Loesh*, 937 F.2d 1237, 1248 (7th Cir 1991)] that every one of the Illinois cases declaring that laches applied to suits at law were really cases where the relief sought

was quasi-equitable; none of the actions sought damages only."). The relief plaintiff seeks in the breach of contract claim based on improper screen credits is damages. Thus, the fourth affirmative defense is stricken with prejudice.[1]

The fifth affirmative defense states that "[plaintiff] is entitled to set off against any amount due and owing to Ancel and/or Rock City [by] any amount recovered or awarded on the claims that TCL has asserted against Ancel and/or Rock City." (ECF 125 ¶ 15.) "[S]etoff does not destroy the plaintiff's right of action, [and thus] a claim for setoff is not an affirmative defense." *Cipa Mfg. Corp. v. Allied Golf Corp.*, No. 94 C 6574, 1995 WL 337022, at *2 (N.D. Ill. June 1, 1995); *see* Fed. R. Civ. P. 8(f) (list of affirmative defenses that does not include setoff). Accordingly, the fifth affirmative defense is stricken with prejudice.

### Conclusion

For the reasons set forth above, the Court grants defendant's motion to strike affirmative defenses [ECF 126] and strikes without prejudice affirmative defenses one, two, and three and strikes with prejudice affirmative defenses four and five.

**SO ORDERED.**                                        **ENTERED: July 21, 2026**

**M. David Weisman**
**United States Magistrate Judge**

---

[1] Even if the laches defense applied, it would still fail because it is just "a formulaic recitation of the elements" of the defense. *Twombly*, 550 U.S. at 555. *See Lashever v. Zion-Benton Twp. High Sch.*, 14 N.E.3d 33, 35 (Ill App. Ct. 2014) (quoting *Wabash Cnty. v. Ill. Municipal Retirement Fund*, 946 N.E.2d 907, 917 (Ill App. Ct. 2011) ("'The defense of laches requires a showing that (1) a litigant has exhibited unreasonable delay in asserting a claim; and (2) the opposing party suffered prejudice as a result of the delay.'").

4