**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC, | ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | Case No. 1:24-cv-01108 |
| | ) | |
| v. | ) | Hon. Mag. Judge |
| | ) | M. David Weisman |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE, | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

**ANCEL DEFENDANTS' MOTION FOR LEAVE TO FILE EXHIBITS A THROUGH E
TO THEIR AMENDED MOTION TO COMPEL UNDER SEAL**

Defendants and Counter-Plaintiffs Jordan Ancel, Jordan Ancel International, LLC, and Rock City Road Films LLC (the "Ancel Defendants"), under Local Rule 26.2, respectfully move for leave to file under seal Exhibits A through E to their concurrently filed Amended Motion to Compel Plaintiffs' Discovery Responses. In support, the Ancel Defendants state:

1. On July 24, 2026, the Court struck the Ancel Defendants' prior motion to compel without prejudice and directed that any amended motion attach as exhibits the discovery requests and answers at issue. The Ancel Defendants have attached those materials as Exhibits A through E to their Amended Motion to Compel.

2. Each of Exhibits A through E is a discovery response that Plaintiffs served and marked "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" — and, by Plaintiffs, "Attorneys' Eyes Only" — under the Agreed Confidentiality Order entered in this case (ECF No. 85). Each concerns Jennifer Karum's medical and mental-health treatment:

1

a. Exhibit A — Plaintiffs' Amended Response and Objections to the Ancel Defendants' Interrogatories, including Karum's responses and objections concerning her mental-health treatment;

b. Exhibit B — Karum's Supplemental Response and Objections to Interrogatories 18–23, describing her claimed conditions, treatment, and prescribed medication;

c. Exhibit C — Plaintiff's Amended Response and Objection to the Ancel Defendants' Requests for Production;

d. Exhibit D — Karum's Supplemental Response and Objections to Requests for Production 22–34, addressing her mental-health treatment and records; and

e. Exhibit E — Karum's Supplemental Response and Objections to Requests to Admit 24–26, concerning the existence and timing of her treatment.

3. Local Rule 26.2(b) authorizes the Court to enter a sealing order for good cause shown, and Local Rule 26.2(c) requires the movant to articulate that good cause on an item-by-item basis, identifying a recognized ground such as a document's confidential designation or the presence of medical information. A general assertion of good cause does not suffice. The Agreed Confidentiality Order is to the same effect: it provides that it "does not, by itself, authorize the filing of any document under seal," and that any party wishing to file designated Confidential Information "must comply with LR 26.2." (ECF No. 85 ¶ 7.)

4. Good cause supports sealing each of Exhibits A through E. The public's presumptive right of access to judicial records yields "only if there is good cause for sealing," which exists where the litigants' privacy interests predominate. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). Exhibits A through E disclose

Karum's private medical and mental-health treatment — her claimed diagnoses, the medication she is prescribed, and the existence and timing of her care. That is the sensitive personal information the Agreed Confidentiality Order lists as a protected category (ECF No. 85 ¶ 2(d) ("medical information concerning any individual")), that Local Rule 26.2(c) identifies, and that courts routinely seal to protect individual privacy. Plaintiffs, moreover, designated each exhibit Confidential, and the Ancel Defendants submit them under seal in good-faith compliance with the Agreed Confidentiality Order.

5. Because the confidentiality designations are Plaintiffs', the burden of justifying any continued sealing rests with them. The Agreed Confidentiality Order says as much: "the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal." (ECF No. 85 ¶ 13; see also id. ¶ 9(b) (on any challenge to a designation, "[t]he burden of persuasion . . . shall be on the designating party")).) The Ancel Defendants take no position on whether the designations are warranted. To the extent the Court requires a showing beyond this motion to maintain the seal, the Ancel Defendants respectfully request that the Court direct Plaintiffs, as the designating party, to file a statement of good cause.

6. The relief requested is narrow and consistent with Local Rule 26.2(c). It is limited to Exhibits A through E; Exhibit F consists of public court records and is filed on the public docket. Concurrently with this motion, the Ancel Defendants have publicly filed redacted versions of Exhibits A through E and have provisionally filed the unredacted exhibits under seal pending the Court's ruling.

WHEREFORE, the Ancel Defendants respectfully request that the Court (1) grant them leave to file Exhibits A through E to their Amended Motion to Compel under seal; (2) maintain those exhibits under seal, provisionally, pending the Court's determination of good cause; (3) to

3

the extent a further showing is required, direct Plaintiffs, as the designating party, to file a statement of good cause supporting continued sealing; and (4) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

LOFTUS & EISENBERG, LTD.

By: /s/ *Alexander N. Loftus*

Alexander N. Loftus
181 W. Madison Street, Suite 4700
Chicago, Illinois 60602
(312) 899-6625
alex@loftusandeisenberg.com
Attorneys for Defendants Jordan Ancel, Jordan Ancel International, LLC, and Rock City Road Films LLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Alexander N. Loftus*

4