## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC,

               Plaintiffs,

        v.

JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE,

               Defendants.

Case No. 1:24-cv-01108

Mag. Judge M. David Weisman

### PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE EXCESS PAGES

**NOW COME** Plaintiffs Lakefront Pictures, LLC, Jennifer Karum, and The Curse, LLC (collectively, "Plaintiffs"), by and through their counsel, and hereby request leave to file Plaintiffs' response brief [Dkt. 158] ("Response") in opposition to Defendant Candice Rose's Motion to Dismiss the Amended Complaint ("Rose's Motion") [Dkt. 143], which Response exceeds page limits set forth by local rules. In support of this filing, Plaintiffs state as follows:

1. Under Local Rule 7.1, a response brief in opposition to a motion may not exceed 15 pages without leave of court.

2. The body of Plaintiffs' Response is under 24 pages long, with only the conclusion portion contained on page 24. In addition to these pages, the Response also contains a caption, signature block, table of contents, and table of citations. None of these additional elements count toward the page limit. The inclusion of the table of contents and the table of citations comports with Local Rule 7.1.

3. As set forth in this motion, Plaintiffs believe that good cause exists for the filing of excess pages.

4. Defendant Candice Rose ("Rose") has filed Rose's Motion, seeking to dismiss the Amended Complaint in its entirety with respect to Rose. As part of Rose's Motion, Rose challenges each of the counts asserted against her – defamation, false light invasion of privacy, tortious interference with prospective economic advantage, tortious interference with contract, intentional infliction of emotional distress (IIED), civil conspiracy, and breach of contract – and further advancing a threshold "group pleading" argument directed at the Amended Complaint as a whole.

5. As Rose herself represented in seeking leave to file an oversized memorandum in support of Rose's Motion, the Amended Complaint is voluminous, involves numerous individuals, entities, and events spanning several years, and incorporates its extensive factual allegations into each count. [Dkt. 143]. On that basis, the Court granted Rose leave to file her memorandum in support of Rose's Motion in excess of fifteen pages, up to twenty-two (22) pages.

6. The same scope and complexity that justified Rose's oversized memorandum require Plaintiffs to respond at similar length. Each challenged count presents distinct legal standards and turns on different factual allegations. Plaintiffs' Response must address each of those counts, the threshold group-pleading argument, the governing pleading standards, and this Court's prior order denying the defendants' motion to dismiss materially the same tortious-interference, IIED, and civil-conspiracy claims in the original complaint. [Dkt. 42].

7. Granting this motion will not prejudice any party. Plaintiffs seek no greater latitude than the Court has already afforded Rose, and a response of similar length will aid the Court's consideration of the issues presented.

8. Plaintiffs' counsel has conferred with counsel for Rose regarding the relief requested in this motion. Rose's counsel has indicated that he does not oppose this motion or the length of the Response.

9.   Plaintiff believes in good faith that the Response does not contain any arguments that would not be appropriate for Plaintiffs to present in response to Rose's Motion.

**WHEREFORE**, Plaintiffs respectfully request that Plaintiffs be granted leave to file a response brief in excess of 15 pages.

Dated: July 28, 2026

Respectfully submitted,

LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC

By: /s/ *Ilya G. Zlatkin*
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
ilya@zce.law
(312) 809-8022

*Attorneys for Plaintiffs Lakefront Pictures, LLC, Jennifer Karum, and The Curse, LLC*