**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC, | ) ) ) ) | Case No.  1:24-cv-01108 |
|  | ) ) |  |
| Plaintiff, | ) |  |
| vs. | ) ) |  |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, CANDICE ROSE, And DOES 1-20, | ) ) ) ) ) | Honorable Jeffrey I. Cummings  Magistrate Judge Hon. M. David Weisman |
|  | ) |  |
| Defendants. | ) |  |

**DEFENDANT CANDICE ROSE'S REPLY IN SUPPORT OF HER MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Candice Rose ("Rose"), by and through her attorneys, Rifkind Patrick LLC, states in Reply In Support of Her Motion to Dismiss Plaintiffs' Amended Complaint as follows:

**INTRODUCTION**

Plaintiffs' Response in Opposition to Defendant Candice Rose's Motion to Dismiss fails to remedy the pleading deficiencies identified in Rose's opening memorandum. Instead, it largely restates the Amended Complaint's conclusionary labels and characterizations, asks the Court to draw inferences in Plaintiffs' favor from temporal proximity alone, and treats the prior denial of a motion directed at the original complaint as dispositive of the Amended Complaint. None of those insufficient approaches satisfies Rule 12(b)(6).

1

Rose was a supporting actress who received de minimis compensation for limited services on a single production, and nothing more. The statements Plaintiffs allegedly attribute to her, warnings to "RUN," characterizations of "misued funds" expressions of hope that someone would "go down hard," and industry gossip about lawsuits or "dangerous" people, are classic expressions of opinion and rhetorical hyperbole in the entertainment industry. Highlighting these statements actually hurt Plaintiffs' case rather than helping. The Seventh Circuit has squarely held that such expressions of opinion are free speech and are non-actionable. *Freydin v. Chamara,* 24 F.4th 1122 (7th Cir. 2022). Because the underlying claims fail, the derivative conspiracy claim fails as well. The Court should dismiss all claims against Rose with prejudice.

## I. The Amended Complaint Continues to Rely on Impermissible Group Pleading and Conclusory Allegations as to Rose.

Plaintiffs assert that "there is no group pleading doctrine" and that collective references are permissible so long as the complaint also contains some individual allegations. That overstates the law. The Seventh Circuit has repeatedly held that a complaint must give each defendant fair notice of the specific conduct for which she is being held liable. *Bank of Am., N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013) ("A complaint based on a theory of collective responsibility must be dismissed."); *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009). Allegations that lump defendants together under phrases such as "Ancel and Rose" or that merely recite that Rose "directed, induced or encouraged" third parties, without specifying the content, timing, recipient, and effect of any communication, do not satisfy Rule 8.

Plaintiffs' Response points to numerous paragraphs that name Rose. Those paragraphs, however, still fail to allege the substance of the communications with the specificity required to make liability plausible. For example, allegations that Rose dined with a talent-agency executive

2

and that the agency later terminated Karum invite the Court to infer causation from temporal sequence alone. Temporal proximity is not a substitute for well-pleaded facts showing that Rose's specific statements caused a third party to act. *Iqbal*, 556 U.S. at 678. Likewise, repeated use of the verbs "directed," "induced," and "encouraged" are legal conclusions, not factual allegations entitled to the presumption of truth. Id.

The Amended Complaint's reliance on "information and belief" allegations that Rose coordinated with Ancel or recruited others further underscores the deficiency. Rule 8 does not unlock discovery for a plaintiff armed only with conclusions. *Twombly*, 550 U.S. at 559; *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). The Court previously permitted certain claims to proceed against the original complaint. The Amended Complaint's expanded factual narrative still does not supply the missing particularization of Rose's individual conduct.

Also see *Brown v. Budz,* 398 F.3d 904, 914 (7th Cir. 2005), which permits such pleading where necessary facts are peculiarly within a defendant's knowledge, , but it does not permit a plaintiff to plead causation or agreement merely because Rose met, spoke with, or shared criticism with others. The factual allegations remain equally consistent with independent conduct by people who held similar views.

## II. Count II (Defamation) Fails Because the Alleged Statements Are Non-Actionable Opinion and Rhetorical Hyperbole.

Even accepting as true every statement Plaintiffs attribute to Rose, those statements are protected opinion under controlling Seventh Circuit and Illinois authority. In *Freydin v. Chamara*, 24 F.4th 1122 (7th Cir. 2022), the Seventh Circuit affirmed the dismissal of defamation claims arising from harshly critical social-media posts about a professional's conduct

3

and business practices. The court held that such statements reflected the speaker's subjective evaluation and were not actionable assertions of fact. The same analysis applies here.

The statements Plaintiffs highlight—"RUN," "dangerous,", "hope she goes down hard," warnings about "misused funds," and references to lawsuits or a supposed class action—are precisely the type of hyperbolic, evaluative language that Illinois courts treat as non-actionable opinion or rhetorical hyperbole. *Bryson v. News Am. Publ'ns, Inc.*, 174 Ill. 2d 77, 100 (1996); *Solaia Tech., LLC v. Specialty Publ'g Co.*, 221 Ill. 2d 558, 581 (2006). A reasonable reader in the Chicago indie-film community would understand these expressions as Rose's personal dissatisfaction with a production experience and her opinions about industry participants, not as verifiable assertions of objective fact. See *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 927 (7th Cir. 2003) (applying Illinois' innocent-construction rule).

Plaintiffs improperly state in their Response that the Amended Complaint alleges that Rose "misappropriated money from the budget" at 173.  While Count II does state that, it refers to accusations related to Ancel's statement at 165, not Rose's.  Nowhere in the Amended Complaint is there a factual accusation that Rose made this statement regarding misappropriation, much less when, where, or to whom.  It was likely copy pasted from the Ancel defamation count, which actually references the fact section of the Amended Complaint.

Plaintiffs argue that statements about financial misconduct qualify as defamation per se. Even if certain phrases could be read as imputing financial impropriety, context controls. The overall setting, which included informal social-media posts, group chats, and industry gossip by a peripheral supporting actress, renders the statements as non-actionable opinion. *Freydin* is controlling here. Plaintiffs cannot transform protected opinion into actionable fact merely by labeling the statements "false."  Identifying funds as "misused" is not an accusation of criminal

4

behavior by either definition of the word, which means incorrectly used, or a reasonable person standard.

Plaintiffs further contend that they need not plead actual malice and that they have sufficiently alleged special damages for any per quod claim. Those arguments are beside the point. Because the statements are non-actionable opinion, the defamation claim fails regardless of fault standard or damages. Opinion does not become defamatory because the plaintiff disagrees with it or claims emotional or professional harm.

Finally, if the original Complaint was filed February 8, 2024, any allegedly defamatory statement by Rose published before February 8, 2023 is time-barred as a matter of law under 735 ILCS 5/13-201 and the single-publication rule.  This also applies to any False Light claims.

### III. Count III (False Light) Fails for the Same Reasons as Defamation.

False light requires that the defendant placed the plaintiff before the public in a highly offensive false light and acted with actual malice. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 17–18 (1992). "Publicity" means communication to the public at large or to so many persons that the matter is substantially certain to become public knowledge; publication to one person or a small group is not enough. Restatement (Second) of Torts § 652D cmt. a; also see *Lovgren v. Citizens First National Bank*, 126 Ill. 2d 411, 419 (1989).

The concrete factual statements emphasized in the Response were allegedly made privately to Emma Jo Boyden and ERIS Talent. Those communications do not satisfy publicity. Conversely, the statements allegedly made in large social-media groups are the imprecise warnings and opinions discussed above. Plaintiffs may not combine a private factual statement with public nonactionable rhetoric to manufacture one false-light publication.

5

The allegation that Rose acted with "full knowledge" of falsity merely recites the actual-malice element; the pleading identifies no source or circumstance showing that Rose knew a particular factual statement was false or seriously doubted it. Because Count III fails to connect an actionable false statement, widespread publicity, and actual malice in a single publication, it should be dismissed. Further, if such statements occurred before February 8, 2023, they must be dismissed.

## IV. Counts VII and VIII (Tortious Interference) Fail for Lack of Plausible Causation and a Specific Business Expectancy.

To state a claim for tortious interference with prospective economic advantage under Illinois law, a plaintiff must allege: (1) a reasonable expectancy of entering into a valid business relationship; (2) the defendant's knowledge of that expectancy; (3) purposeful interference by the defendant that prevents the expectancy from ripening; and (4) damages resulting from the interference. *Fellhauer v. City of Geneva*, 142 Ill. 2d 495, 511 (1991). The Amended Complaint remains deficient on the first and third elements as to Rose.

Plaintiffs argue they were not required to identify specific third parties. Even accepting that premise for purposes of this motion, they must still allege facts making a reasonable expectancy plausible rather than a generalized hope of future work in a highly competitive industry. The Amended Complaint's references to unnamed casting directors, agents, universities, and "and/or agencies" remain too indefinite to satisfy Rule 8.

More fundamentally, Plaintiffs still fail to allege facts showing that any specific third party terminated or declined a relationship because of a statement made by Rose, as opposed to the third party's independent judgment. Allegations that Rose communicated with a talent-agency executive and that the agency later terminated Karum invite the Court to infer

6

causation solely from chronology. Temporal proximity is not causation. The Amended Complaint contains no well-pleaded facts describing the content of any communication by Rose to a decision-maker, the circumstances under which it was made, or why the recipient allegedly relied upon it. Conclusory assertions that Rose "persuaded" or "induced" third parties merely restate an element of the claim; they do not plead facts supporting it. *Twombly*, 550 U.S. at 555.

Plaintiffs note that the Court previously allowed certain interference allegations to proceed. The operative pleading has changed, and the Court must evaluate the Amended Complaint as currently drafted. The expanded allegations against Rose still do not supply the missing causal link between her specific statements and any concrete lost expectancy.

### V. Count IX (IIED) Fails Because the Alleged Conduct Is Not Extreme and Outrageous.

Illinois courts have repeatedly emphasized that intentional infliction of emotional distress is a limited tort reserved for truly extraordinary circumstances. To state a claim, a plaintiff must allege conduct so extreme and outrageous that "where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and duration of the distress are factors to be considered in determining its severity." *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988). Mere insults, indignities, industry gossip, harsh opinions, or even the commission of other intentional torts do not automatically satisfy this demanding standard.

Plaintiffs' Response essentially argues that because they have pleaded defamation, interference, and conspiracy, they have necessarily pleaded extreme and outrageous conduct. That conclusion does not follow. The existence of an underlying intentional tort theory does not establish the separate and substantially higher threshold required for IIED. The alleged statements and communications, specifically critical comments by a supporting actress about a

7

production and its principals, do not approach the level of outrageousness that Illinois law requires. Count IX should be dismissed.

### VI. Counts X and XI (Civil Conspiracy) Fail for Lack of a Plausible Agreement.

To state a claim for civil conspiracy under Illinois law, a plaintiff must allege that two or more persons reached an agreement to accomplish an unlawful purpose or a lawful purpose through unlawful means, and that at least one overt tortious act was committed in furtherance of that agreement. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62 (1994); *McClure v. Owens Corning Fiberglas Corp.,* 188 Ill. 2d 102, 133 (1999). While direct evidence of an agreement is rarely available, Rule 8 nevertheless requires factual allegations permitting a reasonable inference that such an agreement actually existed. Parallel conduct, opportunity to communicate, shared criticism, or conclusory allegations of a "campaign" are insufficient. *Twombly*, 550 U.S. at 556–57.

The Amended Complaint still alleges no facts showing when any agreement between Rose and Ancel (or others) was formed, who participated in its formation, the terms of the alleged agreement, or the unlawful objective supposedly adopted. Instead, Plaintiffs ask the Court to infer an agreement from the fact that multiple individuals communicated regarding their experiences with Plaintiffs and later engaged in conduct Plaintiffs characterize as harmful. Those allegations are equally consistent with lawful independent conduct. Communications among industry participants sharing similar experiences or discussing pending litigation do not, without more, give rise to a reasonable inference of civil conspiracy.  Plaintiffs do not allege what the specific agreement was because they cannot.  Finally, Rose's actions do not constitute tortious conduct.

8

Further, because conspiracy is a derivative theory, the failure of the underlying tort claims against Rose independently requires dismissal of the conspiracy counts. *Adcock*, 164 Ill. 2d at 63.

## VII. Count XII (Breach of Contract) Fails for Lack of Consideration and Because the Statements Are Protected Opinion.

The Demo Reel Agreement is attached to the Amended Complaint and controls over inconsistent characterizations. Its disputed language appears under a provision concerning location and "On-Set Behavior" in an agreement for a discrete 2021 demo-reel production. Plaintiffs allege that the production was completed. The contract contains no survival clause, no term extending the covenant beyond the production, and no language stating that Rose must forever refrain from criticism. The language itself refers to "On-Set Behavior", not On-Set and Off-Set Behavior, Perpetually and Universally for De Minimus Consideration. All allegations about Rose's statements in the Amended Complaint involve off-set behavior at much later dates. Count XII depends on inserting those terms, which it does not and cannot. While clearly the language only refers to on-set behavior while Rose was "On-Set", even if it did not and tried to apply to all of Rose's behavior for all time in all geographic locations, that would be a voidable contractual provision under Illinois law.

Plaintiffs' cases do not support its legal claims. *Patlovich v. Rudd* enforced language expressly applying "at any time." 949 F. Supp. 585, 589–90 (N.D. Ill. 1996). The phrase is absent here. General decisions recognizing that some provisions can survive performance likewise do not answer whether this provision does. Courts ascertain duration from the language and purpose of the agreement; they do not presume that every promise is perpetual merely because the contract lacks an express end date. See *Jespersen v. Minnesota Mining &*

9

*Manufacturing Co.*, 183 Ill. 2d 290, 295 (1998) (Illinois law disfavors construing contracts as perpetual absent clear language).

Reading the clause in context also avoids the serious and commercially implausible result urged by Plaintiffs. A promise regulating conduct during a film shoot protects the production, location, cast, and crew while services are performed. Plaintiffs' construction would transform payment for a one-time demo reel into an unlimited restriction on any later statement, anywhere, about Lakefront or its owners. If the parties intended that exceptional continuing obligation, they could have said so. The Court should not rewrite the agreement to create it.

Count XII independently fails to plead contract damages caused by a breach within the clause's scope. The Amended Complaint aggregates the same reputational and business injuries alleged in the tort counts without identifying a contractual loss caused by conduct covered by the 2021 on-set provision. Because the attached agreement does not impose the perpetual duty Plaintiffs claim, and because damages are pleaded only in conclusory and derivative form, Count XII should be dismissed with prejudice.

### VIII. Dismissal Should Be With Prejudice.

Plaintiffs have already amended their complaint. The core deficiencies identified above, specifically the opinion character of the speech, the absence of a plausible agreement, the lack of causation for interference, and the lack of consideration for any non-disparagement obligation, are clear and dispositive legal defects, not factual omissions that further amendment could cure. Where amendment would be futile, dismissal with prejudice is appropriate. *Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011); see also *Garcia v. City of Chicago,* 24 F.3d 966, 970 (7th Cir. 1994).

10

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Defendant Candice Rose's opening memorandum in support of her Motion to Dismiss, Rose respectfully requests that this Court grant her Motion to Dismiss in its entirety and dismiss Counts II, III, VII, VIII, IX, X, XI, and XII of the Amended Complaint with prejudice as against her, and grant such other and further relief as the Court deems just and proper.

\*       \*       \*

Respectfully Submitted,

CANDICE ROSE

By:      */s/ Sean Patrick*
         Sean Patrick, esq.
         An Attorney for Plaintiff

RIFKIND PATRICK LLC
3025 N Lincoln Ave
Chicago, Illinois 60657
(312) 725-4229
ARDC#: 6313699
legal@rifkindpatrick.com
*Attorneys for the Plaintiff*

11