**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC, | ) | |
| Plaintiffs/Counter-Defendants, | ) | Case No. 1:24-cv-01108 |
| v. | ) | Hon. Mag. Judge M. David Weisman |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE, | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

**ANCEL DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SEPTEMBER 21, 2026 SUBPOENAS AND FOR A PROTECTIVE ORDER**

Defendants and Counter-Plaintiffs Jordan Ancel, Jordan Ancel International, LLC, and Rock City Road Films LLC (the "Ancel Defendants"), under Federal Rules of Civil Procedure 26(c) and 45(d) and Local Rule 37.2, move for a protective order as to the subpoenas Plaintiffs issued on September 21, 2026, and, to the extent the Court concludes the Ancel Defendants may seek it, to quash those subpoenas. In support, the Ancel Defendants state:

**INTRODUCTION**

Fact discovery closed on September 14, 2026. [ECF No. 123.] No party moved to extend that date. No order has reopened it. Seven days after the close, Plaintiffs issued a subpoena commanding a nonparty, Joelle Warie Maria Delhaye Hill, to produce documents on October 14, 2026. They issued a second subpoena commanding her to sit for a video-recorded deposition on October 22, 2026. [Exs. B, C.] They issued a third the same day to SCE Agency, at Ms. Hill's address and to her attention. [Ex. D.] Plaintiffs served notice of all three on September 22, 2026. [Ex. E.] That day the Ancel Defendants wrote to Plaintiffs' counsel, identified each defect, and

asked that the subpoenas be withdrawn by the close of business on September 23. [Ex. A.] Plaintiffs did not withdraw them. They did not propose a time to confer. They have not responded at all.

Three grounds require relief, and each is sufficient standing alone. First, the subpoenas are untimely, because the discovery period closed before they issued and Plaintiffs never asked to reopen it. Second, they exceed Rule 26(b)(1), because the entire record contains three documents that name Ms. Hill, all produced by Plaintiffs, and not one connects her to any defendant. Third, they are punitive, because what they demand bears no relation to any claim or defense. They demand the complete unredacted archive of every social-media account Ms. Hill controls, and her communications with the Ancel Defendants' counsel by name.

Two of the requests reach the Ancel Defendants directly. Requests 1, 2, and 7 of each rider define "Ancel" to include his "attorneys (including but not limited to Alexander Loftus)," so they demand a nonparty's communications with the Ancel Defendants' counsel. [Exs. C, D.] That is the Ancel Defendants' own interest, and Rule 26(c)(1) permits them to protect it. The posture compounds the problem. On September 23, 2026, the Court set an in-person settlement conference for November 3, 2026, with settlement letters due October 20 and October 27. [ECF Nos. 170, 171.] Plaintiffs' compliance dates, October 14 and October 22, now sit on either side of that exchange. In the two and a half years this case has been pending, no deposition has been taken. [ECF No. 166.]

This is not a dispute about the reach of a document request. Plaintiffs did not need an order to take this discovery. They needed a discovery period that was still open, and they let it expire. The question is whether a party may reopen discovery by fiat and aim it at a nonparty selected for what she said about the plaintiff.

## LOCAL RULE 37.2 CERTIFICATION

Undersigned counsel certifies the following. On September 22, 2026, within hours of receiving Plaintiffs' notice, counsel transmitted to George J. Spathis by electronic mail a five-page letter. The letter identified every ground stated in this motion. It demanded withdrawal of all three subpoenas by the close of business on September 23, 2026. It stated that it was the conferral Local Rule 37.2 requires. It offered to speak by telephone "today and tomorrow between 9:00 a.m. and 5:00 p.m." and "at any other time you name." [Ex. A at 5.] Plaintiffs' counsel did not answer the letter, did not propose a time to confer, and did not withdraw or modify any subpoena. Counsel's attempts to engage in the required consultation were unsuccessful through no fault of his own.

## BACKGROUND

### A. Fact discovery closed on September 14, 2026, because the Court set that date and no party moved to extend it.

On May 19, 2026, the Court ordered that "fact discovery closes 9/14/26." [ECF No. 123.] At the August 25, 2026 hearing, Plaintiffs said "additional time may be needed"; the Ancel Defendants said they wished "to complete discovery by the dates already set." [ECF No. 166.] The Court set no new dates, and Plaintiffs filed no motion to extend. Fact discovery closed on September 14, 2026, and has not been reopened. The record is clear that that the action was effectively paused while we worked to resolve this.

### B. Plaintiffs identified Ms. Hill thirteen months before the cutoff, because they named her in an August 2025 motion and then did nothing.

On August 1, 2025, Plaintiffs moved for leave to serve additional document subpoenas and named "Joey Joelle" as one of eight targets. [ECF No. 38 ¶ 3.] The Court denied that motion as moot on **August 18, 2025**, lifted the partial stay, and opened discovery. [ECF No. 41.] Two

days later Plaintiffs served Request for Production No. 41 on each defendant: "All communications with Joey Joelle at any time after March 1, 2022." Each defendant objected and agreed to produce responsive documents. None exists, and none was produced. On May 15, 2026, Plaintiffs noticed a document subpoena to SCE Agency among seven talent-agency and industry subpoenas. [Ex. F.] They took no step directed at Ms. Hill until **September 21, 2026**, after agreeing to a settlement conference in lieu of a conference addressing discovery dates, and after fact discovery closed.

### C. Three documents in the record name Ms. Hill, and Plaintiffs produced every one of them.

Counsel searched every document produced in this action and in the dismissed state case, running optical character recognition across the image-only pages, as the accompanying declaration describes. [Loftus Decl. PP 2-4.] Three documents name Ms. Hill. All three are Plaintiffs' own, and all three are screenshots of one public Facebook thread that Katharin Mraz started and moderates. [Ex. G; Loftus Decl. ¶ 5.]

LFP001842 is a single comment: "This woman....,sigh...., I've been aware of her many personalities and actions for years now. I'm only impressed by her consistency of trying get her'award winning' Conrad project and Lakefront demo workshops to everyone who will pay her. She's starts nice, talks a lot and it's mostly BS (unfortunately many new in the industry can fall for it) and gets kicked out of groups (and sets). She will call you every curse name you can think of, will do everything to ruin your reputation (like saying you hate a certain group/community) just for fun. And will create fake names/ accounts to try to'restore' her name/projects. I AVOID THIS WOMAN." [Ex. G at LFP001842.]

LFP001843, reproduced within LFP003099, is an exchange with a commenter named Jennifer Ramos. Ms. Hill's two comments read in full: "Jennifer Ramos see, I think we should

all ignore instead of giving her space to blast her craziness. I think that's what she wants: so she can trick you, and have fuel to'destroy' your reputation like many other trolls." And: "Jennifer Ramos that's why when I see her responding to someone, I immediately private message that person with the warning and to ask around/research a bit before handling her." [Ex. G at LFP001843.]

That is the record. Ms. Hill does not name Mr. Ancel or Ms. Rose, and nothing in the thread suggests that either wrote to her, prompted her, paid her, or knew who she was. The defendants' production, AncelRose-DOC-000001 through AncelRose-DOC-002757 and the natives produced with it, contains no reference to her. [Loftus Decl. ¶ 6.] Plaintiffs produced LFP001842 and LFP001843 on June 5, 2026, three months and nine days before the cutoff. Ms. Hill appears once in the Amended Complaint, at paragraph 158, on information and belief, as one of fifteen people who "piled on."

**D. The riders demand everything Ms. Hill has ever posted or sent, because they carry no subject-matter or date limitation.**

The riders directed to Ms. Hill and to SCE Agency are materially identical. Requests 10 through 14 demand the complete, unredacted data export of every Facebook, Instagram, X, Snapchat, and TikTok account she controls, with no subject-matter or date limitation. Request 8 demands everything she has ever posted, commented, messaged, or reacted to in the Lady K Castings group. Requests 3 and 6 are the same request printed twice. Requests 1, 2, and 7 define "Ancel" to include his "attorneys (including but not limited to Alexander Loftus)," and so demand Ms. Hill's communications with the Ancel Defendants' counsel. [Exs. C, D.]

### E. The deposition papers contradict each other, because the notice sets a date the subpoena does not.

Plaintiffs' Notice of Subpoena to Take Oral Video-Recorded Deposition is dated September 21, 2026 and carries a certificate of service dated September 22, 2026. It sets Ms. Hill's deposition for "September 22, 2026" at 1:30 p.m. CDT. [Ex. E.] That is the day the notice was served. The subpoena served with it commands Ms. Hill to appear on October 22, 2026, at the same hour. [Ex. B.] The two papers cannot both be right. Plaintiffs have not said which one governs, because Plaintiffs have not answered the Ancel Defendants' letter. [Ex. A.]

## LEGAL STANDARD

A schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 26(b)(1) limits discovery to matter "relevant to any party's claim or defense and proportional to the needs of the case," and Rule 26(b)(2)(C) directs that the Court "must limit" discovery outside that scope.

Rule 26(c)(1) permits "[a] party or any person from whom discovery is sought" to move for an order protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A party who is not the subpoena's recipient may seek that relief, because a party "do[es] have standing to seek a protective order under Rule 26 to limit discovery from a third party." *DeLeon-Reyes v. Guevara*, No. 1:18-cv-01028 (N.D. Ill. June 8, 2020). Rule 45(d)(1) requires the issuing party and attorney to "take reasonable steps to avoid imposing undue burden or expense" and directs that the Court "must enforce this duty."

## ARGUMENT

### I. The Court should bar compliance because the subpoenas issued after fact discovery closed and Plaintiffs never sought leave to reopen it.

Part A shows that the deadline had already run when the subpoenas issued. Part B shows that Plaintiffs cannot cure that now, because a late extension turns on diligence and the record shows none.

#### A. The subpoenas command compliance weeks after a deadline that had already expired when they issued.

The Seventh Circuit has affirmed the exercise of exactly this discretion. In *Mitchell v. City of Chicago*, the district court quashed a subpoena served after the discovery deadline, and the court of appeals affirmed. It held that "[d]istrict judges are authorized to manage the schedule of cases before them, including imposing deadlines for discovery," and that those "deadlines should only be modified for good cause." 862 F.3d 583, 586 (7th Cir. 2017). The appellant argued that her late subpoena sought relevant evidence. The court answered that "[e]ven if Mitchell's subpoena sought relevant evidence, Mitchell failed to offer good cause for the subpoena's tardiness," and that she had "ample opportunity" to seek the same discovery inside the schedule. *Id.* The delay in *Mitchell* ran to several months rather than seven days, and review was for abuse of discretion. The Ancel Defendants do not suggest that seven days is automatically fatal. They rely on what *Mitchell* makes the test: whether the party that let the deadline pass can show good cause for the delay.

A court in this district applied *Mitchell* three months ago, quashing a Rule 45 subpoena issued past the third-party subpoena deadline where the serving party "did not seek leave of th[e] Court" and offered "no clear reason or explanation" for the delay. *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. June 15, 2026). Plaintiffs here did less. They sought no

leave, offered no explanation, and answered no letter. The Seventh Circuit has said why the rule is enforced: "case management depends on enforceable deadlines, and discovery'must have an end point.'" *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015).

### B. Plaintiffs cannot make the diligence showing a late extension requires, because they named Ms. Hill thirteen months before the cutoff.

Plaintiffs have not moved to modify the schedule. If they do so now, the standard is demanding. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). A court in this district has held that a request made after the deadline has run must satisfy the stiffer excusable-neglect standard of Rule 6(b)(1)(B). It held that "[a] party has not been diligent where it could have learned of pertinent information via timely discovery procedures," and denied leave to issue a post-cutoff third-party subpoena because the movant "could have deposed [the witness] at any time during discovery." *Katz v. Allied First Bank, SB*, No. 1:22-cv-05277 (N.D. Ill. July 24, 2025).

The record forecloses either showing. Plaintiffs told this Court they wanted Ms. Hill's documents on August 1, 2025. [ECF No. 38 ¶ 3.] Discovery opened seventeen days later. [ECF No. 41.] They served a document request about her on August 20, 2025, subpoenaed her apparent business on May 15, 2026, and produced her comments on June 5, 2026. Then they let thirteen months of an open discovery period expire without serving her. Rule 26(b)(2)(C)(ii) is written for this situation: the Court "must limit" discovery where the party seeking it "has had ample opportunity to obtain the information by discovery in the action." No fact emerged after September 14, 2026 that Plaintiffs did not already hold.

## II. The subpoenas exceed Rule 26(b)(1) because the only documents naming Ms. Hill are her own comments about Karum, and they connect her to no defendant.

Part A shows that Plaintiffs' own production defeats relevance. Part B shows that the riders impose a burden Rule 45(d)(1) forbids even if some part of the request were relevant.

### A. Plaintiffs' own production defeats relevance, because the documents they produced show Ms. Hill connected to no defendant.

Rule 45 reaches no further than Rule 26. Its limits "apply with equal force to nonparty discovery under Rule 45," and where nonparty subpoenas "far exceed the bounds of relevancy under Rule 26(b)(1)," it is "appropriate for th[e] Court to prevent Plaintiffs from serving" them. *DeLeon-Reyes*, No. 1:18-cv-01028. It is "the power and duty of the district courts [to] actively [] manage discovery and to limit discovery that exceeds its proportional and proper bounds." *Id.*

Measured against the record, these subpoenas fail that test twice. The pleaded theory is that Ancel and Rose "directed, encouraged, incentivized and/or rewarded" Ms. Hill to join a smear campaign. [ECF No. 130 ¶ 158.] Plaintiffs have had every opportunity to develop it and have produced the opposite. The three documents naming Ms. Hill show her commenting in a thread another person started, about Karum, without reference to any defendant. [Ex. G.] The defendants' production contains no communication with her. Each defendant said so in response to Request No. 41, and the production confirms it. [Loftus Decl. ¶ 6.] A nonparty subpoena seeking what the requesting party can already get from a party is cumulative and may be quashed on that ground alone. *Little v. JB Pritzker for Governor*, No. 1:18-cv-06954 (N.D. Ill. Apr. 22, 2020).

Plaintiffs may point to Ms. Hill's statement that she "immediately private message[s] that person with the warning." [Ex. G at LFP001843.] That proves the opposite of what Plaintiffs need. It describes messages she sends to strangers about Karum on her own initiative, and says

nothing about any defendant. A nonparty who volunteers that she warns people about the plaintiff, unprompted, is evidence against the paragraph 158 theory rather than a reason to search her accounts for it.

### B. The riders impose on a nonparty a burden the Rules forbid, because they demand every archive of every account Ms. Hill controls.

Some sliver of Ms. Hill's Facebook activity might be discoverable. These riders do not ask for it. They ask for the complete, unredacted export of five social-media platforms, unlimited by subject or date. They ask for everything she has ever posted in a casting group. They ask for her communications with the Ancel Defendants' counsel by name. [Exs. C, D.] Rule 45(d)(1) required Plaintiffs to "take reasonable steps to avoid imposing undue burden or expense" before serving that. Nothing in the riders reflects any such step. Requests 3 and 6 are identical, printed twice. No one read the rider against this case before it went out.

Nonparty status compounds the problem. "[N]on-party status' is a significant factor . . . in determining whether the burden imposed by a subpoena is undue," because a nonparty has no "horse in the race" and holds "a different set of expectations" about what may be demanded of her. *Williams v. O'Brien*, No. 1:23-cv-14905 (N.D. Ill. Nov. 4, 2025). The Seventh Circuit has said the same in plainer terms: a person should not be made "to spend hours or days answering lawyers' questions unless there is a real need." *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997). There is no real need here. Ms. Hill is a stranger to this lawsuit who wrote three comments about someone else, and Rule 26(b)(1) does not permit the Court to trade her entire digital life for them.

The SCE Agency subpoena carries a further defect apparent on the copy served. It states no court, no title of the action, and no civil-action number. It specifies no place of compliance. It carries no attorney's signature. Rule 45(a)(1)(A) requires the first three items and requires that

the subpoena command production "at a specified time and place." A subpoena that omits the place of compliance also leaves unstated the district in which compliance is required, which is the district Rule 45(d) assigns to enforce it.

The deposition papers carry a defect of their own. Rule 30(b)(1) requires "reasonable written notice," and the notice "must state the time and place of the deposition." Plaintiffs' notice states a date the subpoena served with it contradicts, and the date the notice states had already arrived when the notice was served. A nonparty cannot comply with a command she cannot read, and a party cannot cure that by leaving her to guess. The same carelessness produced a rider with a request printed twice and a subpoena form with no caption, no case number, and no signature. These papers were assembled to be sent, not to be answered.

## III. The Court should enter a protective order because the record shows the subpoenas answer criticism rather than develop a claim.

Part A shows that Plaintiffs have repeatedly turned the subpoena power on the people who speak about Karum. Part B shows what the scope and timing of these subpoenas now cost.

### A. Plaintiffs have turned the subpoena power on the people who speak about Karum, and Ms. Hill is the most recent.

Rule 26(c)(1) exists for discovery aimed at something other than proof. It authorizes an order protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and the Seventh Circuit has confirmed that the Rule "expressly authorizes the district court" to act on those grounds. *Olivieri*, 122 F.3d at 409. Rule 26(g)(1)(B) states the companion standard: a discovery request must be "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake."

The Ancel Defendants do not ask the Court to infer purpose from tone. They ask it to read the record. The Court has noted that the Ancel Defendants disclosed 106 witnesses. [ECF No. 166.] Of all of them, the first and only person Plaintiffs have ever noticed for deposition is the one whose sole documented act is criticizing Karum on Facebook. [Ex. G.] Nothing else distinguishes her.

That selection is not isolated. Plaintiffs subpoenaed Katharin Mraz, who started the thread Ms. Hill commented in, and moved to hold her in civil contempt; the Court denied that motion. [ECF Nos. 90, 114.] Plaintiffs subpoenaed the Independent Film Alliance and moved to hold it in contempt as well. [ECF Nos. 89, 114.] Nonparty Emma Jo Boyden, a person on Plaintiffs' own Rule 26(a)(1) list, moved to quash Plaintiffs' subpoena to her. [ECF No. 64.]

The pattern extends past this docket, and Plaintiffs placed it in this record themselves. On April 10, 2026, while this case was pending, Lakefront, Karum, and Ryan Atkins sued Amanda Gecewicz in this District. *Lakefront Pictures, LLC v. Gecewicz*, No. 1:26-cv-04038 (N.D. Ill.) (Durkin, J.). Gecewicz is a witness Plaintiffs disclosed in this case, on the subject of Mr. Ancel's "purposeful campaign to smear and defame Karum." The Gecewicz complaint alleges that Gecewicz acted "as part of a smear campaign against Karum and Lakefront" and "in conspiracy with others." Plaintiffs produced that complaint here on July 21, 2026, at LFP007115, and it is already before the Court. [ECF No. 156, Ex. F.] A party that sues its own disclosed witness on the same smear-campaign theory it pleads in this case, and then subpoenas the next person who criticized its principal in public, is not assembling proof. It is settling accounts. Rule 26(b)(1) asks what discovery is worth measured against what it costs, and discovery that serves this purpose is worth nothing to the claims.

**B. The scope and the timing fit the settlement calendar rather than any claim in this case.**

A litigant developing the paragraph 158 theory would ask Ms. Hill whether any defendant contacted her. Plaintiffs instead demanded five complete platform archives and her communications with opposing counsel. [Exs. C, D.] That is not a proof strategy. It is a cost.

The timing completes the picture. The Ancel Defendants do not contend that Plaintiffs calibrated the compliance dates to the settlement schedule; the Court set that schedule two days after the subpoenas issued. [ECF Nos. 170, 171.] The point is the consequence. As matters stand, a nonparty must assemble five platform archives on October 14 and sit for a deposition on October 22, in the same two weeks the parties are to exchange settlement letters and prepare for the November 3 conference. Discovery the closed period no longer authorizes would proceed alongside the settlement process the Court has ordered.

Together these facts are the particular and specific showing Rule 26(c)(1) requires. They establish good cause for an order protecting a nonparty, and the Ancel Defendants, from annoyance and expense that no claim in this case justifies.

## CONCLUSION

The Ancel Defendants respectfully request that the Court:

(a) enter a protective order under Rule 26(c)(1) providing that Plaintiffs shall not enforce, and shall withdraw, the September 21, 2026 subpoena to testify at a deposition and the September 21, 2026 subpoena to produce documents, each directed to Joelle Warie Maria Delhaye Hill, and the September 21, 2026 amended subpoena to produce documents directed to SCE Agency;

(b) order that Plaintiffs serve written notice of that order on Ms. Hill and on SCE Agency within three business days and file proof of service;

(c) in the alternative, and to the extent the Court concludes that the Ancel Defendants may seek that relief, quash all three subpoenas under Rule 45(d)(3);

(d) enter a protective order under Rule 26(c)(1) providing that Plaintiffs shall issue no further subpoena in this action without leave of Court;

(e) award the Ancel Defendants their reasonable expenses, including attorney's fees, incurred in bringing this motion, under Rule 26(c)(3) and Rule 37(a)(5), on such showing as the Court may require; and

(f) grant such other relief as the Court deems just and proper.

Dated: September 25, 2026

Respectfully submitted,

**JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL,
LLC, and ROCK CITY ROAD FILMS LLC**

By: /s/ *Alexander N. Loftus*
One of Their Attorneys

Alexander N. Loftus (ARDC #6303484)
David A. Eisenberg
LOFTUS & EISENBERG, LTD.
181 W. Madison Street, Suite 4700
Chicago, Illinois 60602
T: 312.899.6625
alex@loftusandeisenberg.com
david@loftusandeisenberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Alexander N. Loftus*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC, | ) | |
| Plaintiffs/Counter-Defendants, | ) | Case No. 1:24-cv-01108 |
| v. | ) | Hon. Mag. Judge M. David Weisman |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE, | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

**DECLARATION OF ALEXANDER N. LOFTUS**

I, Alexander N. Loftus, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney admitted to practice in this Court and counsel of record for Defendants Jordan Ancel, Jordan Ancel International, LLC, and Rock City Road Films LLC. I make this declaration from personal knowledge and from my review of the records described below.

2. I supervised a search of every document produced in this action and in the dismissed state action, *Ancel v. Karum*, No. 2023 L 004921 (Cir. Ct. Cook Cnty.). The materials searched were: Plaintiffs' production of March 6, 2026; Plaintiffs' supplemental productions of June 5, 2026 and July 21, 2026; the Ancel Defendants' production, Bates AncelRose-DOC-000001 through AncelRose-DOC-002757, together with the native files produced with it; the Karum production in the state action; the Ancel production in the state action, both Bates-stamped and

source collections; and the materials produced in response to the third-party subpoena to J. Yearwood.

3. The search terms were "Joelle," "Joey," "Delhaye," "Warie," "SCE Agency," and "Lady K Cast," applied without regard to case.

4. A portion of the produced material consists of image files and of PDF files that carry no extractable text layer. I caused optical character recognition to be run across every such file in the production and subpoena-response folders described in paragraph 2, and the search terms in paragraph 3 were applied to the resulting text as well as to the text-bearing files.

5. Three produced documents refer to Joelle Warie Maria Delhaye Hill by the name "Joey Joelle." They are Bates LFP001842, LFP001843, and LFP003099. All three were produced by Plaintiffs. LFP001843 and LFP003099 reproduce the same comment thread.

6. No document produced by the Ancel Defendants refers to Ms. Hill under any of the search terms in paragraph 3. The only occurrences of "Joey" in the Ancel Defendants' production refer to Joey Walner, a production assistant who appears on call sheets, crew invoices, and email distribution lists.

7. Audio and video files in the productions were not searched, because they contain no text to search.

8. On September 22, 2026, I transmitted the letter attached to the motion as Exhibit A to George J. Spathis, counsel for Plaintiffs, by electronic mail. I have received no response to that letter of any kind.

Executed on September 25, 2026.

Alexander Loftus

Alexander N. Loftus

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE,<br><br>Defendants/Counter-Plaintiffs. | ) | Case No. 1:24-cv-01108<br><br>Hon. Mag. Judge<br>M. David Weisman |

# INDEX OF EXHIBITS

*to Ancel Defendants' Motion to Quash Plaintiffs' September 21, 2026 Subpoenas and for a Protective Order*


| Exhibit | Description | Page | Pages |
|---|---|---|---|
| A | Letter from Alexander N. Loftus to George J. Spathis dated September 22, 2026 | 2 | 4 |
| B | Subpoena to Testify at a Deposition in a Civil Action directed to Joelle Warie Maria Delhaye Hill, dated September 21, 2026 | 7 | 3 |
| C | Subpoena to Produce Documents directed to Joelle Warie Maria Delhaye Hill, dated September 21, 2026, with Subpoena Rider | 11 | 6 |
| D | Amended Subpoena to Produce Documents directed to SCE Agency, dated September 21, 2026, with Subpoena Rider | 18 | 6 |
| E | Plaintiffs' Notice of Intent to Serve Subpoenas and Notice of Subpoena to Take Oral Video-Recorded Deposition, each dated September 21, 2026 | 25 | 4 |
| F | Plaintiffs' Notice of Intent to Serve Subpoenas dated May 15, 2026 | 30 | 2 |
| G | Plaintiffs' production documents LFP001842 and LFP001843 | 33 | 2 |


"Page" is the page of this compilation on which the exhibit's cover sheet appears. "Pages" is the number of pages in the exhibit, excluding the cover sheet. Each exhibit page is also stamped with its page number within the exhibit (e.g., "Ex. A – Page 1 of 4").

# EXHIBIT A

Letter from Alexander N. Loftus to George J. Spathis dated September 22, 2026

LOFTUS | EISENBERG LTD

BUSINESS TRIAL LAWYERS
181 N. Clark, Suite 4700
Chicago, Illinois 60601
LoftusandEisenberg.com
Office: 312.899.6625

September 22, 2026

George J. Spathis
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
gspathis@lplegal.com

**Re:** *Lakefront Pictures, LLC v. Ancel*, No. 1:24-cv-01108 (N.D. Ill.) — Demand for withdrawal of the September 21, 2026 subpoenas to Joelle Warie Maria Delhaye Hill and SCE Agency

Dear George:

We write for Defendants Jordan Ancel, Jordan Ancel International, LLC, and Rock City Road Films LLC (the "Ancel Defendants"). Your notices dated September 21, 2026 transmitted three subpoenas. Two are directed to Joelle Warie Maria Delhaye Hill: one to produce documents, one to testify at a video deposition. The third is an amended subpoena to produce documents directed to SCE Agency. Withdraw all three by the close of business tomorrow, Wednesday, September 23, 2026.

Four reasons require withdrawal, and each is independent of the others. Fact discovery closed on September 14, 2026, and no order extends it. Plaintiffs named Ms. Hill in a motion filed thirteen months ago and never served her. Plaintiffs' own production contains three documents that name her, and not one of them connects her to Jordan Ancel or Candice Rose. And the riders demand the complete contents of every social media account she controls.

## I. Fact discovery closed on September 14, 2026, and no order extends it.

Judge Weisman entered the operative schedule on May 19, 2026. It closed fact discovery on September 14, 2026. [Dkt. 123.] No party moved to extend that date. The docket's last entry is the September 9, 2026 minute order. It struck the ruling and status dates and sent the parties to a settlement conference. [Dkt. 169.] Your document subpoenas command production on October 14, 2026. Your deposition subpoena commands testimony on October 22, 2026. Both dates fall a month or more past a deadline that had already run when the subpoenas issued.

The Seventh Circuit has affirmed a quash on these facts. "District judges are authorized to manage the schedule of cases before them, including imposing deadlines for discovery," and those "deadlines should only be modified for good cause." *Mitchell v. City of Chicago*, 862 F.3d 583, 586 (7th Cir. 2017). The appellant in *Mitchell* argued that her untimely subpoena sought relevant evidence. The court answered that "[e]ven if Mitchell's subpoena sought relevant

evidence, Mitchell failed to offer good cause for the subpoena's tardiness," and that she had "ample opportunity" to seek the same discovery inside the schedule. *Id.*

A court in this district applied *Mitchell* three months ago. It quashed a Rule 45 subpoena issued months past the third-party subpoena deadline, where the serving party neither sought leave nor explained the delay. *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. June 15, 2026). The Seventh Circuit stated the principle behind both decisions in *Flint*: "case management depends on enforceable deadlines, and discovery 'must have an end point.'" *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015).

## II. Plaintiffs cannot show good cause, because they identified Ms. Hill thirteen months ago and did nothing.

On August 1, 2025, Plaintiffs moved for leave to serve additional document subpoenas. They named Joey Joelle as one of the eight targets. [Dkt. 38 ¶ 3.] The Court denied that motion as moot on August 18, 2025, lifted the partial stay, and opened discovery. [Dkt. 41.] Two days later, Plaintiffs served Request for Production No. 41 on each defendant: "All communications with Joey Joelle at any time after March 1, 2022." On May 15, 2026, Plaintiffs noticed a document subpoena to SCE Agency among seven talent-agency and industry subpoenas. Then Plaintiffs waited. The first subpoena directed to Ms. Hill herself issued on September 21, 2026. That is one week past the cutoff, and more than thirteen months after Plaintiffs first told the Court they wanted her documents.

Rule 16(b)(4) permits modification of a schedule "only for good cause and with the judge's consent." "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Thirteen months of inaction on a witness Plaintiffs identified themselves does not meet that standard. Plaintiffs have not asked the Court to apply it, and on this record the request would fail.

## III. Plaintiffs' own production disproves materiality, because the three documents naming Ms. Hill connect her to no defendant.

We searched every document produced in this case and in the state action: both sides' Bates-stamped productions, the source collections, and the native files. Roughly a quarter of Plaintiffs' June 5, 2026 supplemental production carries no text layer. We ran optical character recognition across every image-only page. Three documents in the entire record name Ms. Hill. All three are Plaintiffs' own. All three are screenshots of one public Facebook thread that Katharin Mraz started and moderates.

LFP001842 is a single comment: "This woman....,sigh...., I've been aware of her many personalities and actions for years now. I'm only impressed by her consistency of trying get her 'award winning' Conrad project and Lakefront demo workshops to everyone who will pay her. She's starts nice, talks a lot and it's mostly BS (unfortunately many new in the industry can fall for it) and gets kicked out of groups (and sets). She will call you every curse name you can think of, will do everything to ruin your reputation (like saying you hate a certain group/community) just for fun. And will create fake names/ accounts to try to 'restore' her name/projects. I AVOID THIS WOMAN."

LFP001843, reproduced again within LFP003099, is a four-comment exchange with a user named Jennifer Ramos. Ms. Hill's two comments read in full: "Jennifer Ramos see, I think we should all ignore instead of giving her space to blast her craziness. I think that's what she wants: so she can trick you, and have fuel to 'destroy' your reputation like many other trolls." And: "Jennifer Ramos that's why when I see her responding to someone, I immediately private message that person with the warning and to ask around/research a bit before handling her."

Those three documents are the entire record. Ms. Hill does not mention Mr. Ancel. She does not mention Ms. Rose. Nothing in the thread suggests that either of them wrote to her, prompted her, paid her, or knew who she was. The defendants' production, Bates AncelRose-DOC-000001 through AncelRose-DOC-002757 and the accompanying natives, contains no reference to her at all. The only "Joey" in it is Joey Walner, a set production assistant who appears on call sheets and crew invoices. That is what the Ancel Defendants told you in response to Request No. 41, and the production confirms it.

Plaintiffs collected, reviewed, Bates-stamped, and produced Ms. Hill's comments on June 5, 2026. Fact discovery then stayed open for three months and nine days. Plaintiffs served no subpoena on the author of those comments until the period had closed.

### IV. The riders confirm that the object is burden, because they demand every archive of every account Ms. Hill controls.

Requests 10 through 14 demand the complete, unredacted data export of every Facebook, Instagram, X, Snapchat, and TikTok account Ms. Hill controls. None of the five carries a subject-matter limit or a date limit. Request 8 demands everything she has ever posted, commented, messaged, or reacted to in the Lady K Castings group. Requests 3 and 6 are the same request, printed twice. Requests 1, 2, and 7 define "Ancel" to include his "attorneys (including but not limited to Alexander Loftus)." On their face, they demand her communications with this firm.

Rule 26(b)(1)'s relevance and proportionality limits "apply with equal force to nonparty discovery under Rule 45." *DeLeon-Reyes v. Guevara*, No. 1:18-cv-01028 (N.D. Ill. June 8, 2020). The same decision confirms that a party who is not the recipient may seek a protective order under Rule 26 limiting third-party discovery, so the Ancel Defendants will be heard on this. *Id.* Nonparty status is itself "a significant factor . . . in determining whether the burden imposed by a subpoena is undue." A nonparty has no "horse in the race" and holds "a different set of expectations" about what may be demanded of her. *Williams v. O'Brien*, No. 1:23-cv-14905 (N.D. Ill. Nov. 4, 2025).

Ms. Hill is not a party. She is not alleged to have communicated with Mr. Ancel or Ms. Rose. She appears in the Amended Complaint once, at paragraph 158, on information and belief, as one of fifteen people who "piled on." Another of the fifteen is Katharin Mraz, who started the thread Ms. Hill commented in. What Ms. Hill did, on this record, is post three comments criticizing your client in a conversation someone else began. Demanding the contents of her phone and the full archive of every account she owns is not discovery into a claim. It is a cost imposed on a person who spoke.

## V. Three further defects require an answer, because the papers omit what Rule 45 requires and contradict each other.

Your Notice of Subpoena to Take Oral Video-Recorded Deposition sets Ms. Hill's deposition for "September 22, 2026" at 1:30 p.m. The subpoena served with it commands her appearance on October 22, 2026, at the same hour. One of the two is wrong. If the notice governs, you have noticed a deposition for today on one day's notice.

Your certificate of service on the Notice of Intent to Serve Subpoenas certifies service on this firm today, September 22, 2026. Rule 45(a)(4) requires notice and a copy to each party before the subpoena reaches its recipient. Identify the date each of the three subpoenas was served on Ms. Hill and on SCE Agency.

## VI. Withdraw all three subpoenas by the close of business on September 23, 2026, because none of them is enforceable.

**1.** Withdraw the September 21, 2026 subpoena to testify at a deposition directed to Joelle Warie Maria Delhaye Hill.

**2.** Withdraw the September 21, 2026 subpoena to produce documents directed to Joelle Warie Maria Delhaye Hill.

**3.** Withdraw the September 21, 2026 amended subpoena to produce documents directed to SCE Agency.

**4.** Confirm in writing to Ms. Hill, to SCE Agency, and to this firm that no compliance is required.

Absent that confirmation, the Ancel Defendants will move for a protective order under Rule 26(c) and to enforce the scheduling order entered at Dkt. 123. We will also ask the Court to impose the sanction Rule 45(d)(1) directs. That rule requires a party and attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." It provides that the court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." If the subpoenas remain outstanding, we will raise them at the September 24, 2026 status hearing.

This letter is our conferral under Local Rule 37.2. I am available today and tomorrow between 9:00 a.m. and 5:00 p.m., and I will make myself available at any other time you name.

Very truly yours,



Alexander N. Loftus

**Ccs:** Ilya Zlatkin
Sean P. Patrick, counsel for Defendant Candice Rose

# EXHIBIT B

Subpoena to Testify at a Deposition in a Civil Action directed to Joelle Warie Maria Delhaye Hill, dated September 21, 2026

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| Lakefront Pictures, LLC, et al.<br>*Plaintiff*<br>v.<br>Jordan Ancel, Candace Rose, et al<br>*Defendant* | ) | Civil Action No. 1:24-cv-01108 |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Joelle Warie Maria Delhaye Hill (aka Joey Joelle), 2545 West Diversey Ave., Ste 223, Chicago, IL 60647

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| This video-recorded deposition will be conducted remotely | October 22, 2026 at 1:30 pm |

The deposition will be recorded by this method: Zoom and Scribe, Inc., a Zoom ISV Partner; online meeting link (i.e. URL) to be provided in advance of deposition

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/21/26

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ *George J. Spathis*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, Lakefront Pictures, LLC, et al. , who issues or requests this subpoena, are:

G. Spathis Levenfeld Pearlstein, LLC, 120 S. Riverside Plaza, Ste 1800, Chicago, IL 60606 312.476.7514 gspathis@lplegal.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ ____________ .

I declare under penalty of perjury that this information is true.

Date: ____________ ______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT C

Subpoena to Produce Documents directed to Joelle Warie Maria Delhaye Hill, dated September 21, 2026, with Subpoena Rider

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

Lakefront Pictures, LLC, et al.

*Plaintiff*

v.

Jordan Ancel, Jordan Ancel International, LLC, Candice Rose, et al.

*Defendant*

Civil Action No. 1:24-cv-01108

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: **Joelle Warie Maria Delhaye Hill ( aka Joey Joelle) 2545 W. Diversey Ave. Ste. 223 Chicago, IL 6064**

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED RIDER

| Place: Docs can be sent or delivered to 120 South Riverside Plaza, Suite 1800, Chicago, IL 60606 (Attn: G. Spathis) | Date and Time: October 14, 2026 |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05X15X2026X September 21, 2026

*CLERK OF COURT*

OR

____________________
*Signature of Clerk or Deputy Clerk*

/s/ George J. Spathis
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Lakefront Pictures, LLC, The Curse, LLC and Jennifer Karum , who issues or requests this subpoena, are:
George Spathis, Levenfeld Pearlstein, LLC, 120 S. Riverside Plaza, Ste 1800, Chicago. IL 60606 gspathis@lplegal.com 312 476 7514

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:24-cv-01108

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________

on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ____________________

____________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SUBPOENA RIDER TO JOELLE WARIE MARIA DELHAYE HILL (AKA JOEY JOELLE)

## DEFINITIONS AND INSTRUCTIONS

1. **Ancel.** The term "Ancel" shall mean Jordan Ancel and shall include his current and former managers, employees, agents, representatives, attorneys (including but not limited to Alexander Loftus), heirs, successors and assigns.

2. **Rose.** The term "Rose" shall mean Candice Rose and shall include her current and former managers, employees, agents, representatives, attorneys, heirs, successors and assigns.

3. **Karum.** The term "Karum" shall mean defendant, Jennifer Karum (nee Jennifer Goodman) and shall include her current and former managers, employees, agents, representatives, attorneys, heirs, successors and assigns.

4. **Atkins**. The term "Atkins" shall mean Ryan Atkins and shall include his current and former manager(s)s, employees, agents, representatives, attorneys, heirs, successors and assigns.

5. **Lakefront Pictures.** The term "Lakefront Pictures" shall mean Lakefront Pictures, LLC and shall include its current and former members, managers, officers, directors, employees, interns, agents, representatives, attorneys, predecessors, successors and assigns.

6. **The Unseen**. The term "The Unseen" shall mean the 2023 motion picture of the same title written by Karum and staring, among others, RJ Mitte.

7. **State Court Lawsuit.** The term "State Court Lawsuit" shall mean the lawsuit commenced by Ancel against Karum, among others, in the Circuit Court of Cook County, Illinois, which at certain times was pending as Case No. 2023 L 004921 but has since been dismissed.

8. **Federal Court Lawsuit.** The term "Federal Court Lawsuit" shall mean the captioned action (see subpoena) pending in the United State District Court for the Northern District of Illinois as Case No. 1:24-cv-01108.

9. **Documents.** The term "Documents" or "documents" shall be construed in the broadest sense permitted under applicable law and includes, without limitation, all written, printed, typed, recorded, filmed, or electronically stored materials of any kind, whether original or copies, including but not limited to: (a) correspondence, memoranda, notes, notebooks, diaries, calendars, emails, text messages, instant messages, chat logs, and other forms of written or electronic communications; (b) agreements, contracts, invoices, purchase orders, receipts, statements, ledgers, and financial records; (c) photographs, drawings, charts, graphs, maps, and diagrams; (d) audio recordings, video recordings, voicemail messages, and transcripts; (e) spreadsheets, databases, presentations, and word processing files; (f) metadata, data compilations, and any associated attachments or embedded files; and (g) all forms of electronically stored information (ESI), including information stored on computers, hard drives, servers, cloud storage, mobile devices, USB drives, backup tapes, or any other digital storage medium. The term also includes

LP 24960525.1 \ 48288-140226

all drafts, revisions, versions, and copies of such materials, whether or not such copies differ in any respect from the original, including copies with notes, markings, or comments.

10. **Communications**. The term "Communications" or "communications" shall mean any transmittal of information through any tangible or electronic medium, including written correspondence, electronic-mail, text, direct message, telex, facsimile transmission, telecopy, recording in any medium of oral communication, any post or entry on any social media application, chat room, message board, or blog, any telephone and/or message log, note or memorandum relating to written or oral communications, and any translation thereof. The word "Communication:" or "communication" also specifically includes electronically stored information ("ESI"), including metadata, voicemail messages, e-mail communications and attachments.

11. **Relating To**. The term "Relating to" or "relating to" shall mean, without limitation, referring to, relating to, evidencing, reflecting, constituting, or in any way logically or factually connected.

12. **All/Each.** The terms "all" and "each" shall be construed as all and each.

13. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## DOCUMENTS REQUESTED

1. All communications with Rose relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

2. All communications with Ancel relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

3. All communications with any Katherin Mraz relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

4. All communications with any Jeff Zarinelli relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

5. All communications with any Karen Cole relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

6. All communications with any Katherin Mraz relating to Karum, Atkins, Lakefront,

The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

7. All communications with any third-party relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

8. All of your posts, comments, direct messages and/or reactions on the Lady K Castings Facebook Group relating to Karum, Lakefront Pictures, Atkins, and/or The Unseen.

9. All of your posts, comments, direct messages and/or reactions on any social media platform relating to Karum and/or Lakefront Pictures.

10. The complete and unredacted "Download Your Information" export for each of your Facebook Accounts or Groups that you control.

11. The complete and unredacted "Download Your Information" export for each of your Instagram accounts or profiles account that you control.

12. The complete and unredacted "Data Archive" export for each of your X (formerly Twitter) accounts that you control.

13. The complete and unredacted "Archive" export for each of the Snapchat accounts that you control.

14. The complete and unredacted "Archive" export for each of your TikTok accounts that you control.

15. All messages that you sent or received via any Social Media platform at any time relating to Lakefront Pictures, Karum, Atkins, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit.

16. All messages that you sent or received via any Messaging Application (including Signal, WhatsApp and/or Telegram) relating to Lakefront Pictures, Karum, Atkins, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit.

17. All WhatsApp backup files stored locally or in cloud services, including iCloud or Google Drive, reflecting any communications relating to Lakefront Pictures, Karum, Atkins, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit.

18. All posts or comments that you made on any message board, chat room, or online forum at any time relating to Lakefront Pictures, Karum, Atkins, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit.

# EXHIBIT D

Amended Subpoena to Produce Documents directed to SCE Agency,
dated September 21, 2026, with Subpoena Rider

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

Lakefront Pictures, LLC, et al.
*Plaintiff*
v.
Jordan Ancel, Jordan Ancel International, LLC, Candice Rose, et al.
*Defendant*

Civil Action No. 1:24-cv-01108

**AMENDED SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: **SCE Agency, 2545 W. Diversey Ave., Ste. 223, Chicago, IL 60647 (attn: Joey Joelle)**

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED RIDER

| Place: Docs can be sent or delivered to 120 South Riverside Plaza, Suite 1800, Chicago, IL 60606 (Attn: G. Spathis) | Date and Time: October 14, 2026 |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/15/2026 XX September 21, 2026

*CLERK OF COURT*

OR

/s/ George J. Spathis

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Lakefront Pictures, LLC, The Curse, LLC and Jennifer Karum, who issues or requests this subpoena, are:
George Spathis, Levenfeld Pearlstein, LLC, 120 S. Riverside Plaza, Ste 1800, Chicago. IL 60606 gspathis@lplegal.com 312 476 7514

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:24-cv-01108

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________
__________________________________________________________________
__________________________________________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
__________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________ ______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SUBPOENA RIDER TO SCE AGENCY

## DEFINITIONS AND INSTRUCTIONS

1. **Ancel.** The term "Ancel" shall mean Jordan Ancel and shall include his current and former managers, employees, agents, representatives, attorneys (including but not limited to Alexander Loftus), heirs, successors and assigns.

2. **Rose.** The term "Rose" shall mean Candice Rose and shall include her current and former managers, employees, agents, representatives, attorneys, heirs, successors and assigns.

3. **Karum.** The term "Karum" shall mean defendant, Jennifer Karum (nee Jennifer Goodman) and shall include her current and former managers, employees, agents, representatives, attorneys, heirs, successors and assigns.

4. **Atkins**. The term "Atkins" shall mean Ryan Atkins and shall include his current and former manager(s)s, employees, agents, representatives, attorneys, heirs, successors and assigns.

5. **Lakefront Pictures.** The term "Lakefront Pictures" shall mean Lakefront Pictures, LLC and shall include its current and former members, managers, officers, directors, employees, interns, agents, representatives, attorneys, predecessors, successors and assigns.

6. **The Unseen**. The term "The Unseen" shall mean the 2023 motion picture of the same title written by Karum and staring, among others, RJ Mitte.

7. **State Court Lawsuit.** The term "State Court Lawsuit" shall mean the lawsuit commenced by Ancel against Karum, among others, in the Circuit Court of Cook County, Illinois, which at certain times was pending as Case No. 2023 L 004921 but has since been dismissed.

8. **Federal Court Lawsuit.** The term "Federal Court Lawsuit" shall mean the captioned action (see subpoena) pending in the United State District Court for the Northern District of Illinois as Case No. 1:24-cv-01108.

9. **Documents.** The term "Documents" or "documents" shall be construed in the broadest sense permitted under applicable law and includes, without limitation, all written, printed, typed, recorded, filmed, or electronically stored materials of any kind, whether original or copies, including but not limited to: (a) correspondence, memoranda, notes, notebooks, diaries, calendars, emails, text messages, instant messages, chat logs, and other forms of written or electronic communications; (b) agreements, contracts, invoices, purchase orders, receipts, statements, ledgers, and financial records; (c) photographs, drawings, charts, graphs, maps, and diagrams; (d) audio recordings, video recordings, voicemail messages, and transcripts; (e) spreadsheets, databases, presentations, and word processing files; (f) metadata, data compilations, and any associated attachments or embedded files; and (g) all forms of electronically stored information (ESI), including information stored on computers, hard drives, servers, cloud storage, mobile devices, USB drives, backup tapes, or any other digital storage medium. The term also includes

all drafts, revisions, versions, and copies of such materials, whether or not such copies differ in any respect from the original, including copies with notes, markings, or comments.

10. **Communications**. The term "Communications" or "communications" shall mean any transmittal of information through any tangible or electronic medium, including written correspondence, electronic-mail, text, direct message, telex, facsimile transmission, telecopy, recording in any medium of oral communication, any post or entry on any social media application, chat room, message board, or blog, any telephone and/or message log, note or memorandum relating to written or oral communications, and any translation thereof. The word "Communication:" or "communication" also specifically includes electronically stored information ("ESI"), including metadata, voicemail messages, e-mail communications and attachments.

11. **Relating To**. The term "Relating to" or "relating to" shall mean, without limitation, referring to, relating to, evidencing, reflecting, constituting, or in any way logically or factually connected.

12. **All/Each.** The terms "all" and "each" shall be construed as all and each.

13. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## DOCUMENTS REQUESTED

1. All communications with Rose relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

2. All communications with Ancel relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

3. All communications with any Katherin Mraz relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

4. All communications with any Jeff Zarinelli relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

5. All communications with any Karen Cole relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

6. All communications with any Katherin Mraz relating to Karum, Atkins, Lakefront,

The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

7. All communications with any third-party relating to Karum, Atkins, Lakefront, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit at any time between and including March 1, 2022 and the present date.

8. All of your posts, comments, direct messages and/or reactions on the Lady K Castings Facebook Group relating to Karum, Lakefront Pictures, Atkins, and/or The Unseen.

9. All of your posts, comments, direct messages and/or reactions on any social media platform relating to Karum and/or Lakefront Pictures.

10. The complete and unredacted "Download Your Information" export for each of your Facebook Accounts or Groups that you control.

11. The complete and unredacted "Download Your Information" export for each of your Instagram accounts or profiles account that you control.

12. The complete and unredacted "Data Archive" export for each of your X (formerly Twitter) accounts that you control.

13. The complete and unredacted "Archive" export for each of the Snapchat accounts that you control.

14. The complete and unredacted "Archive" export for each of your TikTok accounts that you control.

15. All messages that you sent or received via any Social Media platform at any time relating to Lakefront Pictures, Karum, Atkins, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit.

16. All messages that you sent or received via any Messaging Application (including Signal, WhatsApp and/or Telegram) relating to Lakefront Pictures, Karum, Atkins, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit.

17. All WhatsApp backup files stored locally or in cloud services, including iCloud or Google Drive, reflecting any communications relating to Lakefront Pictures, Karum, Atkins, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit.

18. All posts or comments that you made on any message board, chat room, or online forum at any time relating to Lakefront Pictures, Karum, Atkins, The Unseen, the Federal Court Lawsuit and/or the State Court Lawsuit.

# EXHIBIT E

Plaintiffs' Notice of Intent to Serve Subpoenas and Notice of Subpoena to Take Oral Video-Recorded Deposition, each dated September 21, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM and THE CURSE, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, CANDICE ROSE, and DOE DEFENDANTS 1-20,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-01108<br><br>Hon. Judge M. David Weisman |

**<u>NOTICE OF INTENT TO SERVE SUBPOENAS</u>**

PLEASE TAKE NOTICE that Plaintiffs shall serve Subpoenas to Produce Documents pursuant to F.R.C.P. 45 on the following:

**SCE Agency**

**Joey Joelle**

True and correct copies of the Subpoenas are submitted herewith.

Dated: September 21, 2026

RESPECTFULLY SUBMITTED,

**LAKEFRONT PICTURES, LLC,**
**JENNIFER KARUM and THE CURSE, LLC**

By: *<u>/s/ George J. Spathis</u>*
One of their Attorneys

George J. Spathis (6204509)
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
gspathis@lplegal.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2026, I caused the foregoing pleading to be served on the following counsel of record via electronic mail at the addresses listed below:

David Eisenberg david@loftusandeisenberg.com

Alexander Loftus alex@loftusandeisenberg.com

Sean Patrick spatrick@rifkindpatrick.com

*/s/ George J. Spathis*

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE,<br><br>Defendants. | Case No. 1:24-cv-01108<br><br>Mag. Judge M. David Weisman |

**PLAINTIFFS' NOTICE OF SUBPOENA**
**TO TAKE ORAL VIDEO-RECORDED DEPOSITION**

**TO**: See Attached Certificate of Service

Please take notice that the oral video-recorded deposition of **JOELLE WARIE MARIA DELHAYE HILL, professionally known as JOEY JOELLE,** will be taken to be used as evidence in the trial of this case, pursuant to the Federal Rules of Civil Procedure. Such deposition will commence as follows:

| | |
|---|---|
| **Deponent:** | Joelle Warie Maria Delhaye Hill p/k/a Joey Joelle |
| **Date**: | September 22, 2026 |
| **Time**: | 1:30 P.M. CDT |
| **Location**: | Remotely by video conferencing, powered by Zoom and Skribe, Inc., a Zoom ISV Partner; online meeting link (i.e., URL) to be provided in advance of event |

The deposition will be recorded non-stenographically pursuant to Federal Rule of Civil Procedure 30(b)(3)–(4) by remote electronic (*i.e.*, audio and audiovisual) means using the Skribe software platform. Any other party may arrange for the testimony to be recorded stenographically or by other means, at their own expense. *Id*. The deposition will continue from day to day until completed.

Dated: September 21, 2026

Respectfully submitted,

By: <u>/s/ *George J. Spathis*</u>

*Attorney for Plaintiffs Lakefront Pictures, LLC, Jennifer A. Karum, and The Curse, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing via electronic mail. Specifically, such counsel includes the following:

David Eisenberg david@loftusandeisenberg.com

Alexander Loftus alex@loftusandeisenberg.com

Sean Patrick spatrick@rifkindpatrick.com

Dated: September 22, 2026

/s/ George J. Spathis

# EXHIBIT F

Plaintiffs' Notice of Intent to Serve Subpoenas dated May 15, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM and THE CURSE, LLC,<br><br>Plaintiffs,<br>vs.<br><br>JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, CANDICE ROSE, and DOE DEFENDANTS 1-20,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-01108<br><br>Hon. Judge M. David Weisman |

**NOTICE OF INTENT TO SERVE SUBPOENAS**

PLEASE TAKE NOTICE that Plaintiffs shall serve Subpoenas to Produce Documents pursuant to F.R.C.P. 45 on the following:

**SCE Agency** **Bankston Talent Agency**

**Eris Talent Agency- NY** **Eris Talent Agency-CA**

**Presley Talent** **Reel Chicago**

**SAG-AFTRA**

True and correct copies of the Subpoenas are submitted herewith.

RESPECTFULLY SUBMITTED,

**LAKEFRONT PICTURES, LLC,**
**JENNIFER KARUM and THE CURSE, LLC**

By: */s/ George J. Spathis*
One of their Attorneys

George J. Spathis (6204509)
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
gspathis@lplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 152, 2026, I caused the foregoing pleading to be served on the following counsel of record via electronic mail at the addresses listed below:

David Alan Eisenberg david@loftusandeisenberg.com

Alexander Nicholas Loftus alex@loftusandeisenberg.com

*/s/ George J. Spathis*

# EXHIBIT G

Plaintiffs' production documents LFP001842 and LFP001843

**Joey Joelle**
This woman....,sigh...., I've been aware of her many personalities and actions for years now. I'm only impressed by her consistency of trying get her "award winning" 😌 Conrad project and Lakefront demo workshops to everyone who will pay her. She's starts nice, talks a lot and it's mostly BS (unfortunately many new in the industry can fall for it) and gets kicked out of groups (and sets).

She will call you every curse name you can think of, will do everything to ruin your reputation (like saying you hate a certain group/community) just for fun. And will create fake names/ accounts to try to "restore" her name/projects. I AVOID THIS WOMAN.

1y Like Reply 12

LFP001842

**Jennifer Ramos**
People should not be afraid of her and start putting her in place. I had my share of craziness with her when she was BG on a Chicago show
3
1y Like Reply

**Joey Joelle**
**Jennifer Ramos** see, I think we should all ignore instead of giving her space to blast her craziness. I think that's what she wants: so she can trick you, and have fuel to "destroy" your reputation like many other trolls.
1y Like Reply

**Jennifer Ramos**
Joey Joelle true however we should also stand up for each other at times from people like her scaring new ones off and also people getting discouraged in the industry. We all know there's craziness but she's a mess
3
1y Like Reply

**Joey Joelle**
**Jennifer Ramos** that's why when I see her responding to someone, I immediately private message that person with the warning and to ask around/research a bit before handling her.
2
1y Like Reply

LFP001843