**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC,

Plaintiffs,

v.

JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE,

Defendants.

Case No. 1:24-cv-01108

Mag. Judge M. David Weisman

**PLAINTIFFS' MOTION TO CONFIRM AN EXTENSION OF THE FACT DISCOVERY CUT-OFF AND FOR RELATED RELIEF TO FACILITATE THE NOVEMBER 3, 2026 SETTLEMENT CONFERENCE**

Plaintiffs Lakefront Pictures, LLC, Jennifer A. Karum, and The Curse, LLC (collectively, "Plaintiffs"), by and through their counsel, respectfully move the Court, pursuant to Fed. R. Civ. P. 16(b)(4) and Fed. R. Civ. P. 6(b)(1)(B), to formally vacate or extend the fact discovery cut-off and for related relief necessary to make the scheduled November 3, 2026 settlement conference an effective use of the parties' and Court's time. In support of this motion, Plaintiffs state as follows:

1. In the Court's most recent minute order [Dkt. 173], the Court entered and continued the Ancel Defendants' Motion to Quash [Dkt 172] the subpoena served on Joelle Warie Delhaye Hill ("Ms. Hill"), stating: "If the defendants believe that resolution of the motion [to quash] is necessary for an effective settlement conference, they should file an appropriate but brief motion and the Court will reconsider the need for briefing at this time."

2. Plaintiffs believe that resolution of the Motion to Quash *is not* necessary for an effective settlement conference,[1] but feel strongly that resolution of the pending and fully briefed

[1] To be clear, however, Plaintiffs believe the Motion to Quash lacks legal merit and should be denied.

dispositive (or partially dispositive) motions -- specifically, Defendant Rose's motion to dismiss the Amended Complaint [Dkt. 136], and the Ancel Defendants' partial motion to dismiss the Amended Complaint [Dkt. 143 -- *is* necessary to make the November 3, 2026 settlement conference effective, as it will provide necessary clarity as to the claims and corresponding exposure/damages at issue for purposes of the conference (and thereafter).

3. The Court had previously set a September 10, 2026 at 10:30 am status/ruling date for the referenced Motions for [Dkt. 167], but after the parties requested a settlement conference, the Court struck the September 10th status/ruling date. Because these motions bear directly on the scope of the claims, their resolution will materially shape the settlement negotiations between the parties.

4. In addition, the Plaintiffs request that the Court formally vacate or extend the September 14, 2026 fact discovery cut-off, which Plaintiffs believe the Court had already intended.

5. Indeed, during the status conference on August 25, 2026, the parties reported that the Ancel Defendants' Rule 26(a)(1) disclosures identify 106 potential witnesses, and to date, the Ancel Defendants had objected to interrogatories that were intended to narrow the number of depositions to be taken. Upon hearing the same, the Court orally indicated that the fact discovery cut-off would be extended and advised the parties to confer to narrow the witness pool to be proportionate to the needs of the case. [Dkt. 168 ¶ 2; Dkt. 166].

6. Court's ensuing minute order [Dkt. 166] expressly reflects the same, stating, in part:

> The Court noted Defendant's disclosure of 106 witnesses impairs fast and efficient resolution of the case while Defendant states it only seeks to take 3 depositions. Defendant stated it followed the rules and disclosed those with knowledge, and Plaintiff has not asked Defendant to pare the list down for discovery purposes. Court directed the parties to discuss discovery that needs to be completed if the case moves forward and to discuss possibility of settlement conference with their clients and each other.

The Court ordered the parties to submit a joint status report by September 9, 2026 and set a status hearing set for September 10, 2026 to discuss discovery. [Dkt. 166].

7. Although the Order did not formally vacate or extend the discovery cut-off in its Minute Order, Plaintiffs believe that it was the Court's intention to do so at the next status (particularly since no depositions had been taken in the case by any party, and the parties are not yet at issue on the Amended Complaint).

8. Plaintiffs have also pursued extensive third-party discovery, serving document subpoenas on numerous third parties across the country. [Dkt. 168 ¶ 2]. Many of those third parties have not responded or have not adequately responded to Plaintiffs' subpoenas, and Plaintiffs were prepared to use the time before the settlement conference to take the steps necessary to confer with the witnesses before seeking the Court's assistance in addressing non-compliance (to the extent a settlement is not reached). Vacating the discovery cut-off will facilitate those efforts.

9. Good cause supports modifying the discovery cut-off. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

10. The primary consideration in the good-cause analysis is the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Courts in this District grant extensions of the fact discovery deadline where the movant has acted diligently and further discovery remains to be completed in light of pending discovery motions and depositions. *See, e.g.*, *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 802 (N.D. Ill. 2021) (finding good cause under Rule 16(b)(4) to extend the fact discovery deadline where the movant "acted with adequate diligence" in pursuing discovery, and the court had ordered further production in connection with the parties' motions to compel); *Jackson-El v. City of Markham*, 332 F.R.D. 583, 585 (N.D. Ill. 2019) (extending the fact discovery deadline where no depositions had been taken or scheduled as

the cutoff approached, reasoning that because depositions remained outstanding, "clearly there must be some extension").

11. In this case, the Plaintiffs have acted diligently. To the extent the case does not settle at the November 3, 2026 settlement conference, the Court should provide a reasonable time to complete fact discovery.

12. Pursuant to Rule 6(b)(1)(B), the Court may extend the time even after the original cut-off lapsed, since under the circumstances, the failure to formally move for the extension was a function of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

13. The excusable-neglect inquiry "is at bottom an equitable one" and is guided by the following factors: the danger of prejudice to the opposing party, the length of the delay and its impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Investment SerAvices Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *see also*, *Crue v. Aiken*, 370 F.3d 668, 680–81 (7th Cir. 2004) (applying the *Pioneer* excusable-neglect factors and affirming the acceptance of a late filing as no abuse of discretion, where the delay was minimal, resulted from a good-faith miscalculation, and did not prejudice the opposing party or affect the proceedings); *In re Brand Name Prescription Drugs Antitrust Litig.*, 171 F.R.D. 213, 215–16 (N.D. Ill. 1997) (applying the *Pioneer* factors for excusable neglect warranting a Rule 6(b) enlargement of time, where the movant made a good-faith, if mistaken, effort to comply with the deadline and the delay's impact on the proceedings was minor). As set forth below, each factor favors relief here.

14. First, no party is prejudiced. No depositions have been taken, both sides have depositions remaining, and the Ancel Defendants themselves represent that they need

approximately three depositions to complete their discovery. [Dkt. 168 ¶ 2(c)]. An extension provides the time each side still requires.

15. Second, the delay is minimal, and no fact discovery has gone forward in the interim; the request is made promptly, not on the eve of trial or after protracted inaction.

16. Third, the reason for the timing follows from the Court's own orders: at the August 25th hearing and in the September 9th order, the Court directed the parties toward the discovery that remained and a settlement conference without addressing the September 14 cutoff [Dkt. 166; Dkt. 169], and the parties reasonably proceeded on the understanding that the schedule would be reset in that process.

17. Fourth, Plaintiffs have acted in good faith and seek the extension to complete discovery in an orderly manner, not to delay.

18. The discovery cut-off should be vacated or extended.

WHEREFORE, Plaintiffs respectfully request that the Court: (a) enter an order vacating or extending the September 14, 2026 fact discovery deadline; (b) rule on the fully briefed pending motions to dismiss in advance of the November 3, 2026 settlement conference, and (c) grant such other and further relief as the Court deems just and proper.

Dated: October 2, 2026

Respectfully submitted,

LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC

By: /s/ *George J. Spathis*

*Attorneys for Plaintiffs Lakefront Pictures, LLC, Jennifer Karum, and The Curse, LLC*

George J. Spathis, Esq. (6204509)
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
gspathis@lplegal.com
(312) 346-8380
gspathis@lplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, I caused the foregoing pleading to be electronically filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants of record in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system on all counsel of record.

**1:24-cv-01108 Notice has been electronically mailed to:**

Alexander Nicholas Loftus alex@loftusandeisenberg.com

Christian Novay Christian.Novay@lewisbrisbois.com, angela.miller@lewisbrisbois.com

David Alan Eisenberg david@loftusandeisenberg.com

George J. Spathis gspathis@lplegal.com, druiz@lplegal.com, gnegrete@lplegal.com, ikropiewnicka@lplegal.com, kpatton@lplegal.com, mlockhart@lplegal.com, nbailey@lplegal.com

Ilya Zlatkin ilya@zce.law, 8940587420@filings.docketbird.com, clerk@zce.law, zce@recap.email

Jack Thomas Grochowski jgrochowski@bbp-chicago.com

Mark S. Jamil mjamil@bbp-chicago.com

Megan DeMarco mdemarco@rshc-law.com, docketdept@rshc-law.com

Sean P. Patrick spatrick@rifkindpatrick.com

Vincent Dominick Pinelli vpinelli@bbp-chicago.com, aposluns@bbp-chicago.com

*/s/ George J. Spathis*