**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC, | ) | |
| Plaintiffs/Counter-Defendants, | ) | Case No. 1:24-cv-01108 |
| v. | ) | Hon. Mag. Judge M. David Weisman |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE, | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

**ANCEL DEFENDANTS' STATEMENT IN OPPOSITION TO PLAINTIFFS' MOTION TO "CONFIRM" AN EXTENSION OF THE FACT DISCOVERY CUT-OFF**

Defendants and Counter-Plaintiffs Jordan Ancel, Jordan Ancel International, LLC, and Rock City Road Films LLC (the "Ancel Defendants") submit this statement under the Court's October 5, 2026 minute order [ECF No. 176].

## INTRODUCTION

This litigation is a hissy fit that needs to end now. This is not brief but the consequences of not following the Rules of Civil Procedure and this Court's orders would be a significant amount of fruitless labor. The Court is a public resource that is being needlessly consumed by one litigious party's hurt feelings arising from being disliked. Litigation is not the solution for being disliked by ones' peers. Karum boldly ignores notices for her own depositions, ignores dates on the docket, refuses to answer relevant discovery requests, then weeks later issues a subpoena to witness with *at best* remote relevance to the claims, and later seeks to reopen discovery. The rules must be applied strictly to an apparently well-funded serial litigant such as this.

The Motion seeks confirmation of one side of an argument made in open Court without ordering the transcript. There is nothing to "confirm." On May 19, 2026, the Court ordered that "fact discovery closes 9/14/26." [ECF No. 123.] That order already extended the original May 8 date, and it declined the October 16 date that appeared in the parties' report over the Ancel Defendants' objection. [ECF Nos. 61, 122 ¶ 6(E).] On August 25, Plaintiffs told the Court they might need more time; the Ancel Defendants said they wanted to finish on the dates already set; the Court extended nothing. [ECF No. 166.] Plaintiffs let September 14 pass without a motion. A week later they issued a nonparty deposition subpoena and a document rider demanding the full archive of five social-media accounts. Only after the Ancel Defendants moved to quash did Plaintiffs file this motion, eighteen days after the deadline, asking the Court to confirm an extension it never entered.

The record of how Plaintiffs reached this point is the reason to deny the motion. Discovery has been open since August 18, 2025. [ECF No. 41.] In the **thirteen months** that followed, Plaintiffs did not notice a single party deposition. (Loftus Decl. ¶ 5.) They never answered the Ancel Defendants' July 17 notices for Ms. Karum and her two companies. They twice refused to identify Ms. Karum's other lawsuits, calling the request "harassing," then produced those records on the day they opposed a motion to compel. Plaintiffs have spent the discovery period subpoenaing nonparties, moving for contempt against two of them, and, in April, suing one of their own disclosed witnesses in a second federal case on the same smear-campaign theory. Rule 6(b)(1)(B) requires excusable neglect, and Rule 16(b)(4) requires diligence. Plaintiffs show neither. Rules matter and apply to everyone equally.

## BACKGROUND

### A. The Court has already extended fact discovery once, and it declined the October date Plaintiffs now effectively seek.

The Court's first schedule required fact discovery to be completed by May 8, 2026. [ECF No. 61.] It stated that additional discovery requests late in the period would be approved "only with explanation." [Id.] On May 19, 2026, the parties jointly asked to modify that schedule. The report proposed that fact discovery, "including depositions," close on October 16, 2026; the Ancel Defendants asked that it close on August 1. [ECF No. 122 ¶ 6(E).] The Court chose a prudent middle path. It ordered that "fact discovery closes 9/14/26." [ECF No. 123.] Plaintiffs knew for four months that the Court had rejected the October date and did nothing to extend or pursue timely discovery.

### B. Plaintiffs never responded to the Ancel Defendants' deposition notices for Ms. Karum, Lakefront, and The Curse.

On July 17, 2026, eight weeks before the cutoff, the Ancel Defendants served three notices: a Rule 30(b)(6) deposition of Lakefront Pictures, LLC for September 2 at 9:30 a.m.; a Rule 30(b)(6) deposition of The Curse, LLC for September 2 at 1:30 p.m.; and the deposition of Ms. Karum for September 3 at 9:30 a.m. (Declaration of Alexander N. Loftus ("Loftus Decl.") ¶¶ 2–3 & Group Ex. A-1.) Each notice offered "such other place or . . . such remote videoconference means as the parties may agree." (Id., Group Ex. A-1.) Counsel's transmittal email asked Plaintiffs' counsel to put the dates on his calendar and stated, "I very much want this done in the time allotted." (Id. ¶ 3.)

Plaintiffs did not respond. They served no objection, no Rule 30(b)(6) designation, no alternative dates, and no motion for a protective order. (Id. ¶ 4.) The dates passed. The Ancel Defendants reported in the September 8 joint status report that they had served the notices and needed only "approximately three depositions" to complete their discovery. [ECF No. 168 ¶ 2(c).] Plaintiffs now cite that sentence as a reason to extend the schedule. [ECF No. 174 ¶ 14.] The three depositions the Ancel Defendants need are the three Plaintiffs ignored.

**C. Plaintiffs' written discovery arrived late and incomplete, and only under the pressure of motion practice.**

The pattern began early. In the 2025 Doe-identification window, Plaintiffs reported that four prepared subpoenas had not been issued "for lack of the ability to identify proper addresses within the time period allotted by this Court." [ECF No. 34; ECF No. 35 ¶ 5.] In April 2026, the Ancel Defendants sent a fifteen-page deficiency letter; it went unanswered, and the Court struck the resulting motion to compel to permit a conferral. [ECF No. 121 (quoting ECF No. 119 at 2).] Plaintiffs served amended responses on June 5, 2026, the date the Court set. [ECF No. 123; ECF No. 128 at 2.] Four days later the Ancel Defendants identified four deficiencies that remained: the basis for Ms. Karum's emotional-distress claim, the absence of native-format production, the absence of any privilege log, and Ms. Karum's refusal to identify her other litigation in answer to Interrogatory No. 25. [ECF No. 128 at 2.] The Ancel Defendants renewed their motion to compel on June 30, 2026. [ECF No. 134.]

Interrogatory No. 25 asked Plaintiffs to identify every lawsuit filed by or against Ms. Karum or her companies in the last ten years. Plaintiffs objected that it was "burdensome, harassing," and irrelevant, identified no proceeding, and repeated that answer verbatim in their June 5 amended responses. (Loftus Decl. ¶ 6.) On July 21, 2026, the day Plaintiffs filed their opposition to the Ancel Defendants' motion to compel [ECF No. 149], Plaintiffs' counsel transmitted a supplemental production "related to other litigation involving Plaintiffs" and Plaintiffs' first privilege log. (Id.) The Ancel Defendants' amended motion to compel remains pending. [ECF No. 156.]

**D. On August 25, the Court heard Plaintiffs say they might need more time and entered no extension.**

At the August 25 hearing, "Plaintiff indicated additional time may be needed to complete discovery, and Defendant wants to complete discovery by the dates already set." [ECF No. 166.] The Court noted the 106 witnesses in the Ancel Defendants' Rule 26(a)(1) disclosures and the Ancel Defendants' response that they seek only three depositions and that "Plaintiff has not asked Defendant to pare the list down for discovery purposes." [Id.] The Court directed the parties "to discuss discovery

that needs to be completed if the case moves forward" and to discuss a settlement conference. [Id.] The order does not mention the September 14 cutoff, and it does not extend it.

Plaintiffs' motion describes the hearing differently. It says that the Court "orally indicated that the fact discovery cut-off would be extended," citing ECF Nos. 166 and 168. [ECF No. 174 ¶ 5.] Neither document says that. ECF No. 166 records the opposite positions of the parties and no ruling. ECF No. 168 is a joint status report that reports the 106-witness disagreement and proposes that, "[t]o the extent the case does not settle," the parties will submit a discovery plan within seven days. [ECF No. 168 ¶¶ 2(d), 4(a).] Plaintiffs also cite the September 9 minute order for the proposition that the Court "directed the parties toward the discovery that remained." [ECF No. 174 ¶ 16.] That order strikes two hearing dates and directs the parties to propose settlement-conference dates. [ECF No. 169.] It says nothing about discovery. Plaintiff took no action to secure an extension or articulate any basis for it besides her own lack of diligence.

**E. Plaintiffs let the deadline pass, served post-deadline subpoenas, and moved only after the Ancel Defendants sought relief.**

September 14 came and went without a motion from any party. On September 21, Plaintiffs issued a subpoena commanding nonparty Joelle Warie Maria Delhaye Hill to sit for a video deposition on October 22, a subpoena commanding her to produce documents on October 14, and an amended subpoena to SCE Agency at her address. [ECF No. 172 at 1–2.] Plaintiffs had named Ms. Hill in a motion thirteen months earlier [ECF No. 38 ¶ 3] and had produced her comments on June 5. [ECF No. 172 at 3–5.] On September 22, the Ancel Defendants asked Plaintiffs to withdraw the subpoenas and offered to confer. Plaintiffs did not respond. [Id. at 3; Loftus Decl. ¶ 7.] The Ancel Defendants moved to quash on September 25. [ECF No. 172.] On September 28, the Court entered and continued that motion. [ECF No. 173.] On October 2, Plaintiffs filed this motion. [ECF No. 174.]

**F. This case is one front in a campaign Ms. Karum is litigating in at least five proceedings in three courts to punish her peers for not liking her.**

Plaintiffs' request for more time to subpoena people "across the country" [ECF No. 174 ¶ 8] should be read against the proceedings Ms. Karum and Lakefront have brought over the same events, each a public record subject to judicial notice. Fed. R. Evid. 201(b).

1. *Karum v. Ancel*, No. 23STRO03963 (Cal. Super. Ct. L.A. Cnty.). In June 2023, Ms. Karum obtained a temporary restraining order against Mr. Ancel in Los Angeles. Before the hearing set to decide whether the order would continue, she wrote to the court that the order could lapse and that she would not appear.

2. *Karum v. Meta Platforms, Inc.*, No. 2023 L 011222 (Cir. Ct. Cook Cnty.), a Rule 224 petition and contract claim seeking information about an online account, and *Karum v. Google LLC*, No. 2024 L 000669 (Cir. Ct. Cook Cnty.).

3. This action, filed February 8, 2024, in which Plaintiffs issued sixteen nonparty subpoenas in the Doe-identification window alone [ECF No. 35 ¶ 4], moved to hold two nonparties in civil contempt [ECF Nos. 89, 90], and drew a motion to quash from a third. [ECF No. 64.] The Court denied the contempt motion against Katharin Mraz because there was "no evidence that she was properly served." [ECF No. 114 at 4.]

4. *Lakefront Pictures, LLC v. Gecewicz*, No. 1:26-cv-04038 (N.D. Ill.) (Durkin, J.), filed April 10, 2026 by Lakefront, Ms. Karum, and Ryan Atkins against a witness Plaintiffs disclosed in this case. [ECF No. 172 at 12.] The complaint names Mr. Ancel, Candice Rose, and Ms. Mraz as alleged co-conspirators in "a coordinated campaign" against Ms. Karum and invokes this case by number. (Gecewicz Compl. ¶¶ 107, 112.)

The *Gecewicz* case shows the same pattern and supplies Plaintiffs a second discovery forum on the same theory. On September 14, 2026, the day fact discovery closed here, Magistrate Judge Fuentes

struck the settlement conference in that case, noting that the parties' limited discovery schedule "did not progress because of the ill-fated settlement effort," and ordered that "the discovery train will now pull out of the station at high speed." (*Gecewicz*, ECF No. 28.) Fact discovery in *Gecewicz* is open until February 26, 2027. (*Id.*, ECF No. 31.)

**LEGAL STANDARD**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *accord Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). When the motion comes after the deadline, the movant must also satisfy Rule 6(b)(1)(B): "a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" *Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) (quoting Fed. R. Civ. P. 6(b)(1)(B)); *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015). Excusable neglect is an equitable inquiry into the danger of prejudice, the length of the delay and its impact on the proceedings, the reason for the delay, "including whether it was within the reasonable control of the movant," and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The Seventh Circuit enforces these rules as written. "[C]ase management depends on enforceable deadlines, and discovery 'must have an end point.'" *Flint*, 791 F.3d at 768. District courts are entitled to—"indeed they must—enforce deadlines." *Id.* (quoting *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006)); *see Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996).

**ARGUMENT**

Plaintiffs moved after the deadline and cannot show excusable neglect (Part I). They cannot show diligence under Rule 16(b)(4) either, because their own conduct explains why no deposition has been

taken (Part II). Reopening discovery would revive subpoenas that fail on their own terms (Part III). Any relief should be confined to the three depositions the Ancel Defendants timely noticed (Part IV). The Ancel Defendants welcome rulings on the motions to dismiss (Part V).

## I. Plaintiffs must show excusable neglect because they moved eighteen days after the deadline, and an unspoken belief that the Court would extend it is not excusable neglect.

Part A shows that the schedule was never extended by the Court, by agreement, or by implication. Part B shows that every *Pioneer* factor weighs against relief. Part C shows that Plaintiffs' authorities involve motions made before the deadline or lapses measured in a single day.

### A. The September 14 deadline was never extended, because only a court order can extend it and none was entered.

Plaintiffs concede that they did not "formally move for the extension" before the cutoff. [ECF No. 174 ¶ 12.] Their motion rests on a belief "that it was the Court's intention" to extend the deadline "at the next status." [Id. ¶ 7.] A party's assumption about what the Court will do is not an order, and the Seventh Circuit has rejected it as a ground for relief. In *Brosted v. Unum Life Ins. Co. of Am.*, counsel failed to take three depositions before the deadline and wrote to opposing counsel that they were "continued." 421 F.3d 459, 463–64 (7th Cir. 2005). The court affirmed denial of a post-deadline extension, "[g]iven that Brosted had already received one extension, waited until one month after the extended discovery deadline expired to file a motion to further extend the deadline, and failed to claim excusable neglect." *Id.* at 464. In *Harrington v. City of Chicago*, counsel read an order as relieving him of discovery obligations; the court answered that if he believed the order was too narrow "he could have moved to expand it," but he "certainly should not have considered it a license to ignore all discovery attempts." 433 F.3d 542, 547 (7th Cir. 2006). Court-ordered deadlines "are no less binding merely because they have passed." *Raymond*, 442 F.3d at 606.

Neither the September 8 joint status report nor settlement scheduling changed the deadline. The report proposed that, if the case did not settle, the parties would submit within seven days "their proposed comprehensive plan to complete oral fact discovery." [ECF No. 168 ¶ 4(a).] The Ancel Defendants joined that proposal and stand by it; Part IV addresses it. But a proposal in a status report is not an order, and it did not purport to move September 14. The Rules require court approval for any stipulation "extending the time for any form of discovery" if it "would interfere with the time set for completing discovery." Fed. R. Civ. P. 29(b). Nor do settlement efforts toll a deadline. A party that delays to pursue settlement must still explain why it "did not file with the district court a motion to toll" the time. *United States v. Kasuboski*, 834 F.2d 1345, 1349–50 (7th Cir. 1987) (Rule 36 response period). Judges in this District apply the same rule to discovery. *25 Western Ave. LLC v. Lester*, No. 1:22-cv-02697 (N.D. Ill. Jan. 17, 2024) (rejecting defendants' assumption that preparing for a settlement conference relieved them of discovery obligations, because they "never asked the court to extend the deadlines"); *Experience Based Learning, Inc. v. Hanover Ins. Co.*, No. 1:17-cv-05133 (N.D. Ill. June 24, 2019) ("At some point, defense counsel should have realized that the depositions could not be completed before the deadline and that they would need to seek leave from the Court for more time.").

The Ancel Defendants' motion to quash described the action as "effectively paused" while the parties worked toward settlement. [ECF No. 172 at 3.] That sentence described where the parties' attention had gone after August 25, in a filing whose premise was that fact discovery closed on September 14. [Id.] Activity slowed; the deadline did not move. Nothing in that lull stopped Plaintiffs from filing a two-paragraph motion before September 14, as Rule 16(b)(4) required. *Katz v. Allied First Bank, SB*, No. 1:22-cv-05277 (N.D. Ill. July 24, 2025) ("The appropriate method to seek an extension of discovery deadlines is to file a motion under Rule 16(b)(4) before the deadline has passed.").

### B. Every Pioneer factor weighs against relief, because the delay was within Plaintiffs' control and its cost falls on the Ancel Defendants and on nonparties.

*Reason for the delay.* This factor carries the most weight, and Plaintiffs offer only their own misreading of the docket. The reason was entirely "within the reasonable control of the movant." *Pioneer*, 507 U.S. at 395. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392. Plaintiffs' counsel attended the August 25 hearing, heard the Ancel Defendants say they wanted to finish on the dates already set, and knew the date. A failure to calendar a motion is the kind of "routine problem[] of office management" that does not excuse a missed deadline. *Reales*, 84 F.3d at 997; *see also Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) ("District courts have considerable discretion to manage their dockets and to require compliance with deadlines."). The sequence is familiar. When Plaintiffs filed an overlength brief and sought leave the same day, the Court directed that "[i]n the future, the parties should seek leave . . . before they prepare and present" the filing. [ECF Nos. 159, 161.] This motion follows the same order with the discovery schedule: subpoenas first, leave later.

*Length of the delay and its impact.* The motion came eighteen days late, but the delay that matters is the one Plaintiffs ask the Court to create. Plaintiffs propose no end date. They want time to pursue "numerous third parties across the country," to confer with nonresponsive subpoena recipients, and then to seek "the Court's assistance" against them. [ECF No. 174 ¶ 8.] That is a new round of nonparty motion practice in a case the Court has already observed carries "the significant amount of motion practice." [ECF No. 166.] As the Seventh Circuit put it, "[w]aiting almost a year to request extra time . . . is certainly neglect, but not of the excusable variety." *Flint*, 791 F.3d at 768.

*Prejudice.* Plaintiffs argue that no one is prejudiced because no depositions have been taken. [ECF No. 174 ¶ 14.] No depositions have been taken because Plaintiffs never answered the notices for their own. The prejudice lies in what Plaintiffs now propose: an open-ended period of nonparty discovery

with no end date, while Plaintiffs press the same co-conspiracy theory against Mr. Ancel in a second federal case where fact discovery is open until February 26, 2027. Nonparties bear the cost as well. The subpoenas Plaintiffs issued after the cutoff demand that a woman who posted three comments about Ms. Karum surrender the complete contents of five social-media accounts. [ECF No. 172 at 5, 10.]

*Good faith.* A party acting in good faith does not issue post-deadline subpoenas, ignore a written request to withdraw them, and then ask the Court to "confirm" an extension it never entered. Nor does it tell the Court that the Court "orally indicated" an extension the minute order does not record. [Compare ECF No. 174 ¶ 5 *with* ECF No. 166.] The motion even reverses the two pending motions to dismiss: ECF No. 136 is the Ancel Defendants' partial motion, and ECF No. 143 is Ms. Rose's. [Compare ECF No. 174 ¶ 2 *with* ECF Nos. 136, 143.]

**C. Plaintiffs' authorities involve motions filed before the deadline or lapses of a single day.**

In *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775 (N.D. Ill. 2021), the movant had pending motions to compel on which the court ordered further production, and fact discovery "ha[d] not previously been extended." In *Jackson-El v. City of Markham*, No. 1:18-cv-05711 (N.D. Ill. Oct. 23, 2019), the motion was filed before the close of discovery; the court found the movants' explanation "insufficiently robust" and granted a short extension in place of the ninety days requested. *Crue v. Aiken* involved a fee petition filed one day late because of a computation error; the court found the delay "as short as possible—one day." 370 F.3d 668, 681 (7th Cir. 2004). And *In re Brand Name Prescription Drugs Antitrust Litigation*, 171 F.R.D. 213 (N.D. Ill. 1997), concerned a class member's response to an arguably ambiguous class notice, after the court had already found the motion moot.

**II. Plaintiffs cannot show good cause under Rule 16(b)(4), because they were not diligent at any point in thirteen months of open discovery.**

Even if the Court evaluated the motion as though it were timely, it would fail. Diligence is "the primary consideration." *Alioto*, 651 F.3d at 720. The burden is Plaintiffs', and "[a] track record of

missing deadlines is not diligence." *Khan v. County of Cook*, No. 1:22-cv-04406 (N.D. Ill. Feb. 23, 2024). The record shows the opposite of diligence on every front Plaintiffs now invoke.

*Depositions.* Plaintiffs have not noticed one party deposition in this case. (Loftus Decl. ¶ 5.) The only deposition they have sought is Ms. Hill's, and they sought it after the cutoff. When their opponent noticed Plaintiffs' own depositions inside the period, Plaintiffs did not respond. (Id. ¶¶ 2–4.) A party that will not sit for its own deposition cannot claim that the schedule left it no time to take others.

*Nonparty subpoenas.* Plaintiffs say many subpoena recipients have not responded. [ECF No. 174 ¶ 8.] Plaintiffs know how to enforce a subpoena; they moved for contempt against two nonparties in February 2026. [ECF Nos. 89, 90.] They chose not to move against the others during the seven months that followed. "[A] party needing additional discovery is under an obligation to bring the issue before the court in an expeditious manner." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000). In *Kalis*, the Seventh Circuit affirmed denial of more discovery where "no effort was made to present the issue to the court in a timely fashion" after two and one-half years. *Id.* at 1057. Plaintiffs' record is no better.

*Ms. Hill.* Plaintiffs named Ms. Hill as a subpoena target in August 2025, served a document request about her the same month, subpoenaed SCE Agency in May 2026, and produced her comments (LFP001842–43) on June 5, 2026. [ECF No. 38 ¶ 3; ECF No. 172 at 3–4.] The Seventh Circuit affirmed the quashing of a post-deadline subpoena on similar facts: "Even if Mitchell's subpoena sought relevant evidence, Mitchell failed to offer good cause for the subpoena's tardiness," because she had "ample opportunity" to seek it within the schedule. *Mitchell v. City of Chicago*, 862 F.3d 583, 586–87 (7th Cir. 2017). Rule 26(b)(2)(C)(ii) states the same limit: the Court "must limit" discovery where the party seeking it "has had ample opportunity to obtain the information by discovery in the action."

*The 106 witnesses.* Plaintiffs blame the Ancel Defendants' Rule 26(a)(1) disclosures. [ECF No. 174 ¶ 5.] But Plaintiffs never asked to narrow that list, and the Ancel Defendants seek three depositions. [ECF No. 166.] A disclosure list did not stop Plaintiffs from noticing a deposition.

The Seventh Circuit has repeatedly affirmed the denial of more time to parties that did not use the time they had. *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002); *Brosted*, 421 F.3d at 464; *Kalis*, 231 F.3d at 1057. "A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). Under the governing standard, a party with this record has not shown good cause, and the Court acts well within its discretion in holding Plaintiffs to the date it set.

## III. Reopening discovery would revive the September 21 subpoenas, which fail for reasons independent of timing.

Plaintiffs say the motion to quash "lacks legal merit" but do not say why. [ECF No. 174 at 1 n.1.] First, relevance. Three documents in the entire record name Ms. Hill. Plaintiffs produced all three, and all three are comments in a public Facebook thread that another person started. None mentions Mr. Ancel or Ms. Rose. [ECF No. 172 at 4–5.] The Ancel Defendants' production contains no reference to her. [Id. at 5.] Second, burden. The riders demand the complete, unredacted export of every Facebook, Instagram, X, Snapchat, and TikTok account Ms. Hill controls, with no subject-matter or date limit, and print one request twice. [Id. at 5, 10.] Third, privilege. Three requests define "Ancel" to include his "attorneys (including but not limited to Alexander Loftus)" and so demand a nonparty's communications with defense counsel, which the Ancel Defendants have their own interest in protecting. [Id. at 2, 5.]

Ms. Hill is the latest nonparty drawn into Plaintiffs' subpoena practice after speaking about Ms. Karum. Plaintiffs subpoenaed Ms. Mraz, who started the thread in which Ms. Hill commented, and moved to hold her in contempt. [ECF Nos. 90, 114; ECF No. 172 at 12.] They disclosed Ms. Gecewicz

as a witness here and then sued her. [ECF No. 172 at 12.] Good cause does not exist to extend a schedule so that a party can continue that course.

### IV. If the Court grants any relief, it should limit the extension to the three depositions the Ancel Defendants noticed inside the discovery period.

The Ancel Defendants' depositions stand on different footing. They were noticed eight weeks before the cutoff; Plaintiffs never answered them; and six days before the cutoff, all parties told the Court that oral discovery would be planned after a settlement conference if the case did not settle. [ECF No. 168 ¶¶ 2(c), 4(a); Loftus Decl. ¶¶ 2–4.] That record supplies good cause, and to the extent required excusable neglect, for completing discovery that was noticed in time. It supplies neither for discovery Plaintiffs never initiated. If the case does not settle on November 3, the Court should permit the Rule 30(b)(6) depositions of Lakefront and The Curse and the deposition of Ms. Karum within thirty days, and nothing more.

### V. The Ancel Defendants do not oppose a ruling on the pending motions to dismiss before the settlement conference.

The Ancel Defendants agree that rulings on their partial motion to dismiss [ECF No. 136] and Ms. Rose's motion to dismiss [ECF No. 143] would help the parties at the November 3 conference but do not wish to burden the Court with more work on this matter.

## CONCLUSION

The Ancel Defendants respectfully request that the Court (a) deny Plaintiffs' request to vacate or extend the September 14, 2026 fact-discovery deadline; (b) confirm that the September 21, 2026 subpoenas to Ms. Hill and SCE Agency, issued after the close of fact discovery, require no compliance, or, if any extension is granted, resolve the Ancel Defendants' motion [ECF No. 172] before any compliance date; (c) in the alternative to (a), limit any extension to the Rule 30(b)(6) depositions of Lakefront Pictures, LLC and The Curse, LLC and the deposition of Jennifer Karum, to be completed

within thirty days after the November 3, 2026 settlement conference, with no other discovery reopened and no subpoena to issue without leave; and (e) grant such other relief as the Court deems just.

Dated: October 6, 2026

Respectfully submitted,

By: /s/ *Alexander N. Loftus*
Counsel for the Ancel Defendants

Alexander N. Loftus (ARDC #6303484)
LOFTUS & EISENBERG, LTD.
181 W. Madison St., Ste. 4700, Chicago, IL 60602
(312) 899-6625
alex@loftusandeisenberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2026, I electronically filed the foregoing Statement in Opposition and the accompanying Declaration of Alexander N. Loftus with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Alexander N. Loftus

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC, | ) | |
| Plaintiffs/Counter-Defendants, | ) | Case No. 1:24-cv-01108 |
| v. | ) | Hon. Mag. Judge M. David Weisman |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE, | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

**DECLARATION OF ALEXANDER N. LOFTUS**

I, Alexander N. Loftus, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney admitted to practice in this Court and counsel of record for Defendants and Counter-Plaintiffs Jordan Ancel, Jordan Ancel International, LLC, and Rock City Road Films LLC (the "Ancel Defendants"). I make this declaration from personal knowledge.

2. On July 17, 2026, I served by electronic mail on George J. Spathis, counsel for Plaintiffs, with copies to Nancy L. Bailey of his office and to Sean P. Patrick, counsel for Defendant Candice Rose, three notices of deposition: (a) a Notice of Rule 30(b)(6) Deposition of Lakefront Pictures, LLC for September 2, 2026 at 9:30 a.m.; (b) a Notice of Rule 30(b)(6) Deposition of The Curse, LLC for September 2, 2026 at 1:30 p.m.; and (c) a Notice of Deposition of Jennifer Karum for September 3, 2026 at 9:30 a.m. Each notice set the deposition at the offices of Loftus & Eisenberg, Ltd., "or at such other place or by such remote videoconference means as the parties may agree." True and correct copies of the three notices and my transmittal email are attached as Group Exhibit A-1.

3. My July 17, 2026 transmittal email to Mr. Spathis stated: "I want to get these on your calendar. The dust should settle by then and I very much want this done in the time allotted."

4. Plaintiffs did not respond to the notices. I received no objection to any notice, no written designation of any Rule 30(b)(6) witness, no proposed alternative date, time, place, or means, and no motion for a protective order. None of the three depositions went forward on the noticed dates or at any time before September 14, 2026.

5. Plaintiffs have not served on the Ancel Defendants a notice of deposition of any party in this action. The only deposition notice or subpoena for testimony I have received from Plaintiffs is the September 21, 2026 subpoena to Joelle Warie Maria Delhaye Hill.

6. Interrogatory No. 25 of the Ancel Defendants' consolidated interrogatories asked Plaintiffs to identify each lawsuit filed by or against Jennifer Karum or any Plaintiff entity within the last ten years. Plaintiffs' April 2, 2026 response and their June 5, 2026 amended response each stated in full: "Plaintiffs object to the request on the grounds that it is burdensome, harassing, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence." Before July 21, 2026, Plaintiffs had served no privilege log. On July 21, 2026, Mr. Spathis transmitted to me by electronic mail Plaintiffs' privilege log and a link to "a supplemental production related to other litigation involving Plaintiffs." Plaintiffs filed their response to the Ancel Defendants' motion to compel the same day. [ECF No. 149.]

7. On September 22, 2026, I sent Mr. Spathis the letter filed as Exhibit A to the Ancel Defendants' Motion to Quash [ECF No. 172], requesting withdrawal of the September 21, 2026 subpoenas to Joelle Warie Maria Delhaye Hill and SCE Agency and offering to confer. As of the date of this declaration, I have received no response to that letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2026, in Chicago, Illinois.

Alexander Loftus

______________________________
Alexander N. Loftus

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC, | ) | |
| Plaintiffs, | ) | No. 1:24-cv-01108 |
| v. | ) | Hon. Mag. Judge M. David Weisman |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE, | ) | |
| Defendants. | ) | |

**NOTICE OF DEPOSITION OF JENNIFER KARUM**

TO: George J. Spathis, Levenfeld Pearlstein, LLC,
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Counsel for Plaintiffs/Counter-Defendants.

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 26 of the Federal Rules of Civil Procedure, Defendants and Counter-Plaintiffs Jordan Ancel, Jordan Ancel International, LLC, and Rock City Road Films LLC will take the deposition upon oral examination of Plaintiff and Counter-Defendant Jennifer Karum, in her individual capacity, on Thursday, September 3, 2026, at 9:30 a.m., at the offices of Loftus & Eisenberg, Ltd., 181 W. Madison Street, Suite 4700, Chicago, Illinois 60602, or at such other place or by such remote videoconference means as the parties may agree.

The deposition will be recorded by stenographic and audiovisual means before an officer authorized to administer oaths and will continue from day to day until completed. It is taken for the purposes of discovery, for use at trial, and for all other purposes permitted under the Federal Rules of Civil Procedure.

**DOCUMENTS REQUESTED AT THE DEPOSITION**

Pursuant to Rules 30(b)(2) and 34, and to the extent not already produced, the witness is requested to bring to the deposition the following:

a. All documents Jennifer Karum relies upon to support her claim for emotional-distress damages, including any records reflecting the diagnosis, treatment, or medication for the injuries she alleges in this action.

b. All communications between Jennifer Karum, or any person acting on her behalf, and any cast member, crew member, investor, distributor, casting professional, talent agency, or union representative concerning Jordan Ancel, Rock City Road Films LLC, or Jordan Ancel International, LLC, from June 2022 to the present.

c. All documents concerning the social-media accounts or handles identified in the Ancel Defendants' Interrogatory No. 15.

d. All documents concerning Jennifer Karum's June 2023 application for a temporary restraining order against Jordan Ancel in the Superior Court of California, County of Los Angeles.

Respectfully submitted,

JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC,
and ROCK CITY ROAD FILMS LLC

By: /s/ *Alexander N. Loftus*
One of Their Attorneys

Alexander N. Loftus
LOFTUS & EISENBERG, LTD.
181 W. Madison Street, Suite 4700
Chicago, Illinois 60602
(312) 899-6625
alex@loftusandeisenberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, I caused the foregoing to be served upon counsel of record via electronic mail, addressed as follows:

George J. Spathis
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
gspathis@lplegal.com
Counsel for Plaintiffs/Counter-Defendants

Sean P. Patrick, Esq.
Rifkind Patrick LLC
3025 N. Lincoln Avenue, Chicago, Illinois 60657
legal@rifkindpatrick.com
spatrick@rifkindpatrick.com
Counsel for Defendant Candice Rose

/s/ *Alexander N. Loftus*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC, | ) | |
| Plaintiffs, | ) | No. 1:24-cv-01108 |
| v. | ) | Hon. Mag. Judge M. David Weisman |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE, | ) | |
| Defendants. | ) | |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF THE CURSE, LLC**

TO: George J. Spathis, Levenfeld Pearlstein, LLC,
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Counsel for Plaintiffs/Counter-Defendants.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants and Counter-Plaintiffs Jordan Ancel, Jordan Ancel International, LLC, and Rock City Road Films LLC (the "Ancel Defendants") will take the deposition upon oral examination of Plaintiff and Counter-Defendant The Curse, LLC ("The Curse") on Wednesday, September 2, 2026, at 1:30 p.m., at the offices of Loftus & Eisenberg, Ltd., 181 W. Madison Street, Suite 4700, Chicago, Illinois 60602, or at such other place or by such remote videoconference means as the parties may agree. The deposition will be recorded by stenographic and audiovisual means before an officer authorized to administer oaths and will continue from day to day until completed.

The Curse must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to the matters set forth below, and each designee must testify about information known or reasonably available to The Curse. The Curse is requested to serve, at least seven days before the deposition, a written designation identifying each person designated and the matter or matters on which each will testify.

**MATTERS FOR EXAMINATION**

1. The Curse, LLC's formation, ownership, capitalization, and management, including its status as a special-purpose entity managed by Lakefront Pictures, LLC and its ownership of the Film.

2. The Producer Agreement among The Curse, Jordan Ancel, and Rock City Road Films LLC attached to the operative Complaint as Exhibit A (the "Producer Agreement"), including its negotiation, execution, and each provision The Curse contends Ancel or Rock City breached.

3. The complete factual basis for each breach of the Producer Agreement identified in The Curse's response to Interrogatory No. 1, including every document, communication, and witness on which The Curse relies to support each alleged breach.

4. The Curse's election under Section 3.3 of the Producer Agreement to forgo Ancel's services, including who made the decision, when and why it was made, and how that election relates to The Curse's claims for breach and for rescission.

5. Whether The Curse provided Rock City or Ancel any written notice of Default, any opportunity to cure, or any written notice of termination under the Producer Agreement, and all facts concerning the existence or absence of each such notice.

6. The complete factual basis for The Curse's claim for rescission of the Producer Agreement, including the alleged failure of consideration, in light of its admissions that Ancel rendered producing services during development and principal photography.

7. The complete factual basis for The Curse's contention that it suffered injury from each alleged breach of the Producer Agreement, and the amount, method of computation, and supporting documents for each category of damage claimed.

8. The production budget, investor contributions, and revenues of the Film (including amounts received from Gravitas Ventures and The Coven) from May 2021 to the present, the disposition of those revenues, and the calculation of Net Profits under Section 3.2 and Exhibit A of the Producer Agreement.

9. The complete factual basis for The Curse's denials of, and affirmative defenses to, the Ancel Defendants' counterclaims for breach of the Producer Agreement and breach of the implied covenant of good faith and fair dealing.

10. The Curse's identification, preservation, collection, search, and production of documents and electronically stored information in this action, including the custodians and data sources searched, the handling of native-format files and metadata, and any materials withheld or redacted.

## DOCUMENTS REQUESTED AT THE DEPOSITION

Pursuant to Rules 30(b)(2) and 34, and to the extent not already produced, The Curse is requested to bring to the deposition the following:

a. The executed Producer Agreement and all drafts of and communications concerning it.

b. Documents sufficient to show the Film's production budget, investor contributions, distribution revenues, and the calculation of Net Profits under Section 3.2 and Exhibit A.

c. All documents The Curse relies upon to support each category of damages it claims.

## GOOD-FAITH CONFERRAL

Pursuant to Rule 30(b)(6), as amended effective December 1, 2020, the Ancel Defendants have requested to confer, and will confer, in good faith with The Curse regarding the matters for examination stated above, including their number, scope, and the allocation of designees.

Respectfully submitted,

JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC,
and ROCK CITY ROAD FILMS LLC

By: /s/ Alexander N. Loftus
One of Their Attorneys

Alexander N. Loftus
LOFTUS & EISENBERG, LTD.
181 W. Madison Street, Suite 4700
Chicago, Illinois 60602
(312) 899-6625
alex@loftusandeisenberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, I caused the foregoing to be served upon counsel of record via electronic mail, addressed as follows:

George J. Spathis
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
gspathis@lplegal.com
Counsel for Plaintiffs/Counter-Defendants

Sean P. Patrick, Esq.
Rifkind Patrick LLC
3025 N. Lincoln Avenue, Chicago, Illinois 60657
legal@rifkindpatrick.com
spatrick@rifkindpatrick.com
Counsel for Defendant Candice Rose

/s/ Alexander N. Loftus

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC, | ) | |
| Plaintiffs, | ) | No. 1:24-cv-01108 |
| v. | ) | Hon. Mag. Judge M. David Weisman |
| JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE, | ) | |
| Defendants. | ) | |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF LAKEFRONT PICTURES, LLC**

TO: George J. Spathis, Levenfeld Pearlstein, LLC,
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Counsel for Plaintiffs/Counter-Defendants.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants and Counter-Plaintiffs Jordan Ancel, Jordan Ancel International, LLC, and Rock City Road Films LLC (the "Ancel Defendants") will take the deposition upon oral examination of Plaintiff and Counter-Defendant Lakefront Pictures, LLC ("Lakefront") on Wednesday, September 2, 2026, at 9:30 a.m., at the offices of Loftus & Eisenberg, Ltd., 181 W. Madison Street, Suite 4700, Chicago, Illinois 60602, or at such other place or by such remote videoconference means as the parties may agree. The deposition will be recorded by stenographic and audiovisual means before an officer authorized to administer oaths and will continue from day to day until completed.

Lakefront must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to the matters set forth below, and each designee must testify about information known or reasonably available to Lakefront. Lakefront is requested to serve, at least seven days before the deposition, a written designation identifying each person designated and the matter or matters on which each will testify.

## MATTERS FOR EXAMINATION

1. Lakefront Pictures, LLC's formation, ownership, membership, management, and principals from January 2020 to the present, its role in producing and financing the motion picture "The Unseen" (the "Film"), and its management of The Curse, LLC.

2. The Non-Disclosure Agreement between Lakefront and Jordan Ancel attached to the operative Complaint as Exhibit B (the "NDA"), including its negotiation and execution and the specific "Confidential Information," as defined in the NDA, that Lakefront contends Ancel disclosed.

3. The complete factual basis for Lakefront's contention that Ancel breached the NDA, including the identification of each alleged disclosure other than statements contained in pleadings or papers filed in litigation, and every document, communication, and witness on which Lakefront relies to support that contention.

4. The complete factual basis for Lakefront's contention that any alleged breach of the NDA caused it injury, and the identification, amount, and method of computation of each category of damage Lakefront attributes to that alleged breach.

5. Each statement that Lakefront contends was false or defamatory of Lakefront, including the speaker, the exact words, the date, the medium, and the recipient of each statement, and the facts on which Lakefront relies to establish that each statement was false.

6. The complete factual basis for Lakefront's claims of tortious interference and civil conspiracy, including the identity of each business relationship, contract, or prospective economic advantage allegedly interfered with, each third party involved, the alleged agreement among the claimed conspirators, and the resulting loss.

7. Whether Lakefront, or any person acting on its behalf, created, operated, funded, or contributed content to the social-media accounts or handles identified in the Ancel Defendants' Interrogatory No. 15, and all facts concerning the creation and operation of those accounts.

8. Each category of damages Lakefront claims in this action, the amount claimed, the method by which each amount was computed, and every document and witness on which Lakefront relies to support each amount.

9. The distribution, licensing, and revenue of the Film and the receipt and disposition of Film revenues, to the extent Lakefront contends those matters bear on its claims or damages.

10. The complete factual basis for Lakefront's denials of, and any affirmative defenses to, the Ancel Defendants' counterclaims for breach of the Producer Agreement and breach of the implied covenant of good faith and fair dealing.

11. Lakefront's identification, preservation, collection, search, and production of documents and electronically stored information in this action, including the custodians and data sources searched, the handling of native-format files and metadata, and any materials withheld or redacted.

**DOCUMENTS REQUESTED AT THE DEPOSITION**

Pursuant to Rules 30(b)(2) and 34, and to the extent not already produced, Lakefront is requested to bring to the deposition the following:

a. The executed NDA and all drafts of and communications concerning it.

b. All documents Lakefront relies upon to support each category of damages it claims.

c. The documents Lakefront contends embody or evidence each statement identified in the matters for examination as defamatory of Lakefront.

**GOOD-FAITH CONFERRAL**

Pursuant to Rule 30(b)(6), as amended effective December 1, 2020, the Ancel Defendants have requested to confer, and will confer, in good faith with Lakefront regarding the matters for examination stated above, including their number, scope, and the allocation of designees.

Respectfully submitted,

JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC,
and ROCK CITY ROAD FILMS LLC

By: /s/ *Alexander N. Loftus*
One of Their Attorneys

Alexander N. Loftus
LOFTUS & EISENBERG, LTD.
181 W. Madison Street, Suite 4700
Chicago, Illinois 60602
(312) 899-6625
alex@loftusandeisenberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, I caused the foregoing to be served upon counsel of record via electronic mail, addressed as follows:

George J. Spathis
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
gspathis@lplegal.com
Counsel for Plaintiffs/Counter-Defendants

Sean P. Patrick, Esq.
Rifkind Patrick LLC
3025 N. Lincoln Avenue, Chicago, Illinois 60657
legal@rifkindpatrick.com
spatrick@rifkindpatrick.com
Counsel for Defendant Candice Rose

/s/ *Alexander N. Loftus*