**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM, and THE CURSE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS LLC, and CANDICE ROSE,<br><br>Defendants. | Case No. 1:24-cv-01108<br><br>Mag. Judge M. David Weisman |

**DEFENDANT CANDICE ROSE'S BRIEF STATEMENT REGARDING PLAINTIFFS' MOTION TO EXTEND FACT DISCOVERY AND FOR RELATED RELIEF [ECF 174]**

Defendant Candice Rose, through counsel, submits this brief statement as directed by the Court's October 5, 2026 minute entry.

Rose opposes Plaintiffs' request to vacate or extend the September 14, 2026 fact-discovery cutoff. Further, Rose does not oppose the Court ruling on her fully briefed motion to dismiss the Amended Complaint [ECF 136] before the November 3, 2026 settlement conference. A ruling on a 12(b)(6) motion to dismiss does not require, and should not be conditioned on, reopening fact discovery.

The discovery cutoff has already passed. Plaintiffs filed this motion on October 2, 2026, about eighteen days after it lapsed, and invoke both Rule 16(b)(4) and Rule 6(b)(1)(B). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). However, the August 25, 2026 status and the ensuing minute order [ECF 166] does not supply grounds for a written discovery extension. The Court noted the Ancel Defendants' disclosure of potential witnesses, observed that those defendants stated they seek only three depositions, and directed the parties to discuss what discovery would remain if the case moves forward and to discuss settlement. That order did not

vacate or extend the cutoff. Plaintiffs' motion concedes as much, and any unstated intention is not a modification of a scheduling order. If the case continues, written discovery should be closed.

Reopening written discovery is not proportionate to the needs of the case as to Rose, and is not necessary to make the November 3 settlement conference useful. The conference is a reason to proceed on the existing record, but is not a reason to reopen discovery in advance of it. Reopening the cutoff now would impose additional cost and delay on Rose, an individual defendant, who respectfully requests the Court that she be dismissed from this case. However, Plaintiffs failed to reschedule their own properly noticed depositions, and should be required to attend such depositions if this matter continues.

Alternatively, if the case does not resolve on November 3, the Court can address any remaining, narrowly identified discovery then, on a concrete showing of all the necessary factors to reopen discovery, which based on the record should be denied. Rose therefore requests that the Court deny the request to vacate or extend fact discovery, including but not limited to quashing all outstanding subpoenas. However, Rose does not oppose limited time depositions of Plaintiffs before the settlement conference. Further, Rose does not oppose a ruling on her or the Ancel Defendants' Motion to Dismiss before the settlement conference.

Dated: October 7, 2026.

Respectfully submitted,

CANDICE ROSE

*By: /s/ Sean P. Patrick*
Sean P. Patrick
Rifkind Patrick LLC
3025 N. Lincoln Avenue, Unit 1
Chicago, Illinois 60657
(312) 313-0234
spatrick@rifkindpatrick.com
ARDC# 6313699
Attorney for Defendant Candice Rose

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I caused the foregoing statement to be electronically filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notice to all counsel of record.

/s/ Sean P. Patrick
Sean P. Patrick