**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAKEFRONT PICTURES, LLC, JENNIFER KARUM and THE CURSE, LLC,** | ) | |
| **Plaintiffs,** | ) | **No. 24 C 1108** |
| **v.** | ) | **Magistrate Judge M. David Weisman** |
| **JORDAN ANCEL, JORDAN ANCEL INTERNATIONAL, LLC, ROCK CITY ROAD FILMS, LLC, CANDICE ROSE, and DOE DEFENDANTS 1-20,** | ) | |
| **Defendants.** | ) | |

**ORDER**

The case is before the Court on Jordan International, LLC, Rock City Road Films LLC, and Jordan Ancel's ("defendants") motion to compel plaintiff to comply with their discovery requests. For the reasons set forth below, the Court grants in part and denies in part the motion [156].

**Discussion**

As an initial matter, the parties disagree about whether defendants complied with Local Rule 37.2 before filing this motion. Defendants contend that the parties conferred several times and addressed the issues raised in this motion. Plaintiffs agree that the parties conferred but say only a few of the issues raised in this motion were discussed. Given that the parties cannot even agree about the topics they discussed, the Court does not think additional meet-and-confers would be productive. In any event, the parties have addressed the issues in their briefs, so the Court will address the motion on its merits.

Defendants first ask the Court to compel plaintiff to answer interrogatories 19-21. Plaintiffs objected to these interrogatories as being overly broad, harassing, or seeking irrelevant information. Those objections are overruled. Moreover, having alleged a claim for intentional infliction of emotional distress, Karum is required to disclose, pursuant to the protective order, some of the health and medical information defendants seek. (*See* ECF 130 ¶¶ 215-18); *see Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state.") (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)).

With respect to interrogatory 19, defendants argue that plaintiffs' response is deficient because, it "identifies no act that caused any specific injury, states no date of onset beyond '[t]hese conditions began,' and never explains causation." (ECF 156 at 8.) In fact, plaintiffs' answer attributes Karum's emotional distress to Ancel and says the distress started when he filed suit against her and she discovered that he was recruiting people to "take her down." (ECF 160, Ex. B, Am. Answer Interrog. 19.) Because the response identifies two events as the starting point, and a specific date is given for neither, plaintiffs must serve an amended answer that identifies the starting point and cause(s) of her distress, if any, beyond just the identified events

Interrogatory 20 asks Karum to state whether she had any mental health conditions before June 2022, and if so, to identify each condition, when it was first diagnosed, by whom, and what treatment was provided. (ECF 160, Ex. B, Am. Answer Interrog. 20.) Karum said she would "produce [pursuant to Federal Rule of Civil Procedure 33(d)] documents from which the requested information regarding her treatment since mid-2023 can be derived," provided that defendants treat any such information as Attorneys' Eyes Only. (*Id.*) Rule 33(d) permits a party to answer an interrogatory by producing responsive business records. It has marginal application here because defendants are asking for health, not business, information. Moreover, if plaintiffs want these documents to be designated attorney's eyes only, they must file a motion to amend the protective order [ECF 85] to include that designation. In short, plaintiffs must answer interrogatory 20 and can elaborate on their answers by reference to produced medical records.

Interrogatory 21 asks Karum to identify "any mental health diagnoses, conditions, or treatments [she received] before June 2022," including those "related to her neurodiversity or placement on the autism spectrum" and to state when each condition was diagnosed, by whom, and what treatment was provided. (ECF 160, Ex. B, Am. Answer Interrog. 21.) Karum responded that she didn't receive care for depression, anxiety or stress in the two years before mid-2023 when she learned about Ancel' s campaign to take her down. She also said that she would produce a 2011 physical/emotional impairment disclosure form pursuant to Rule 33(d) if it were given an attorney's eyes only designation. (*Id.*) As noted above, Rule 33(d) does not generally apply here, and if plaintiffs want an attorney's eyes only designation, they need to move to amend the protective order. Because Karum alleges that defendants weaponized her neurodiversity in their alleged harassment campaign, she must disclose when she was diagnosed with autism, who made the diagnosis and what treatment, if any, she has received.

Defendants also ask the Court to compel plaintiffs to produce documents responsive to RFPs 22, 23, 24, 29, 30, and 31, which seek documents relating to Karum's mental health treatment, prescriptions, pre-existing-conditions, post-2022 treatment, billing, and provider-communication records for the following time periods: January 2016 through June 2022 (RFP 24), January 2016 to the present (RFPs 30, 31), January 2020 to the present (RFP 22, 23), and June 20, 2022 to the present (RFP 29). (ECF 160, Ex. D, Am. Answer RFPs 22-24, 29-31.)

"The federal common law psychotherapist-patient privilege prevents disclosure of confidential communications between a licensed psychotherapist or social worker and a patient in

the course of diagnosis or treatment." *Coleman v. City of Chi.*, No. 1:17-CV-08696, 2019 WL 7049918, at *1 (N.D. Ill. Dec. 23, 2019) (citing *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996)). The parties agree that Karum has waived the privilege, but they disagree about the temporal scope of the waiver. Defendants contend that they need documents going back to 2016 to establish Karum's baseline mental state before Ancel's alleged misconduct. Karum says a ten-year look back period is too broad, and she should only be required to produce responsive documents going back to January 1, 2021.

The Court agrees with Karum. Defendants do not need Karum's mental health records for the last ten years to determine what her baseline mental status was before Ancel's alleged misconduct. Rather, the five-year period plaintiffs suggest, which includes two plus years before the alleged misconduct, is more proportional to the needs of this case. Thus, the Court orders plaintiff to produce responsive documents for the period of January 1, 2021 to the present. *See Jakes v. Boudreau*, No. 19 C 2204, 2020 WL 5297007, at *4 (N.D. Ill. Sept. 4, 2020) (stating that courts in this district have limited the scope of discovery of relevant mental health records to two to five years before the incidents giving rise to the suit).

Defendants also argue that plaintiffs should be compelled to produce ESI in native format with metadata as their RFPs instruct. Defendants did not, however, submit the RFP instructions with this motion, so they have not established that native format was requested. Moreover, even if they had, plaintiffs say: (1) "the subject social media screenshots, printed text messages and other scanned documents do not have a meaningful native electronic format distinct from the PDF images produced;" (2) "[t]he searchable PDFs of Plaintiffs' texts and emails are reasonably usable;" (3) plaintiffs made an initial production of ESI in March 2026 and defendants did not object to the PDF format in which it was produced; and (4) defendants produced their ESI in PDF, not native, format. (ECF 163 at 10-12 & n.8.) Defendants counter that they only "seek the text messages and emails that [have native format], where metadata — dates, authorship, and threading — bears on the authenticity, custody, and timeline of the parties' communications, the central factual disputes in this case." (ECF 156 at 12-13.) Because neither party produced ESI in native format, and the metadata for these communications may be necessary for foundational purposes (especially given the foundational concerns routinely raised because of AI issues), the Court orders *both parties* to reproduce their ESI in a native format.

Finally, defendants contend that they are entitled to an award of fees pursuant to Rule 37(a)(5)(A), which states:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Defendants say plaintiffs refused to answer interrogatory 25, which asks them to identify any lawsuit that they have filed or has been filed against them in the last ten years. (ECF 160, Ex. A, Answer Interrog. 25.) Plaintiffs objected to the request on the grounds that it is burdensome, harassing, and seeks irrelevant information, and produced nothing. (*Id.*) Defendants say plaintiffs ultimately produced documents related to this interrogatory on July 21, 2026, the same day plaintiffs filed their brief in opposition to this motion. Because plaintiffs did not produce the documents until after the motion to compel was filed, defendants argue that they are entitled to Rule 37(a) sanctions. Defendants did not, however, submit the cover letter that accompanied the July 21, 2026 production or anything else that would establish the date that plaintiffs produced the documents. Moreover, even if they had, sanctions would still not be appropriate because defendants only prevailed on parts of this motion. Accordingly, the Court denies defendants' request for sanctions.

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to compel [ECF 156]. That said, given the pending settlement conference (ECF #170), the parties can delay complying with this order until further order of this Court.

**SO ORDERED.** **ENTERED: October 26, 2026**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**